USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __10/5/17__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
          :
BRANDI PRICE, et al.,         :
              Plaintiffs,  :
         :    17 Civ. 0614(LGS)
      -against-     :
         :    **OPINION AND ORDER**
L'ORÉAL USA, INC., et al.,    :
             Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Plaintiffs Brandi Price and Christine Chadwick, on behalf of themselves and all others similarly situated, bring this action against Defendants L'Oréal USA, Inc. ("L'Oréal") and Matrix Essentials, LLC ("Matrix") alleging false representations in the marketing and sale of three of Defendants' hair products. Defendants L'Oréal and Matrix bring this partial motion to dismiss the First Amended Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is denied, except that the claim for unjust enrichment under New York and California law is dismissed.

## I. BACKGROUND

### A. Factual Background

      The following facts are taken from the Complaint and accepted as true for the purposes of this motion. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016).

      Defendant Matrix is a subsidiary of Defendant L'Oréal. They manufacture, advertise and distribute the three hair products at issue here -- Matrix Biolage Keratindose Pro-Keratin + Silk Shampoo ("Shampoo"), Pro-Keratin + Silk Conditioner ("Conditioner") and Pro-Keratin Renewal Spray ("Spray") (any two or more, collectively, the "Products"). The Products' front labels prominently include the product name "Keratindose Pro Keratin +Silk." Each of the

Products' back labels state that it is formulated with "Pro-Keratin + Silk." Defendants' website states that "our keratin shampoo" is formulated with "Pro-Keratin and Silk." The website also states about the Conditioner and Spray that each is "[f]ormulated with Pro-Keratin and Silk [and that it] provides targeted reinforcement for over-processed, weak or fragile hair." Defendants' website lists many benefits of the Products including: "shiny and healthy-looking [hair] with increased elasticity," taming of "frizz and flyaways" and "instant silkiness [of hair]."

Keratin is a protein naturally found in human hair, skin and nails, and its primary function is to protect the cells in hair, skin and nails from damage or stress. Despite incorporating the word "keratin" in the Products' names and representing that the Products contain "Pro-Keratin," Plaintiffs' expert analyzed the Products and concluded that they do not contain keratin.

In late 2014, Plaintiff Price, a New York resident, purchased the Spray for $22.95 at a Wal-Mart in Cortland, New York, after viewing in-store and online advertisements and/or Product packaging for the Spray's purported contents and benefits. Price believed that the Spray contained keratin and was capable of providing the benefits of keratin. However, using the Spray for several weeks caused her hair to become brittle and dry, despite following the package instructions.

In August 2016, Plaintiff Chadwick, a California resident, purchased the Shampoo and Conditioner for $30.00 at a J.C. Penny salon in Sacramento, California, after viewing in-store advertisements and/or Product packaging, and receiving a recommendation from a salon employee about the Products. Throughout 2016, Chadwick purchased additional bottles of the Shampoo and Conditioner elsewhere in Sacramento, California. Chadwick believed that the Products contained keratin and purchased them believing that they could provide the benefits of

keratin. After using the Shampoo and the Conditioner daily for several months according to the package instructions, the Products caused her hair to become brittle and caused her to suffer hair loss.

When Defendants marketed the Products as containing keratin and providing its benefits, Defendants knew that the Products did not contain keratin. Plaintiffs could not independently analyze the Products' ingredients and relied on Defendants' representation on the Products' label and Defendants' website that the Products contained keratin. Had Plaintiffs known that the Products did not contain keratin, they would not have purchased them or would have paid less for them.

### B. The Complaint

Plaintiffs bring this action on behalf of a putative nationwide class and New York and California subclasses. The Complaint asserts claims under New York and California statutory laws on behalf of the respective subclasses, as well as common law claims under New York, California and unspecified state law on behalf of all putative class members. The Complaint demands restitution, injunctive relief and damages among other relief.

## II. STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable

to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016).

For claims sounding in fraud, Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 81 (2d Cir. 2017). "To satisfy this Rule, a complaint alleging fraud must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016) (internal quotation marks omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally," Fed. R. Civ. P. 9(b), but still "must be alleged plausibly in accordance with Rule 8," *Biro v. Condé Nast*, 807 F.3d 541, 545 (2d Cir. 2015). "[A]llegations may be based on information and belief when facts are peculiarly within the opposing party's knowledge." *Chorches*, 865 F.3d at 81–82 (internal quotation marks omitted).

### III. DISCUSSION

#### A. Sufficiency of Pleading Fraud Under Rule 9(b)

Defendants move to dismiss the following claims for failure to plead with the specificity required by Federal Rule of Civil Procedure 9(b) -- common law fraud (Count IV); violation of the Unfair Business Acts and Practices Prong (Count VI), the Fraudulent Business Acts and

Practices Prong (Count VII) and the Unlawful Prong (Count VIII) of California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and violation of California False Advertising Law ("FAL"), Cal. Civ. Code §§ 17500, *et seq.* (Count X). Each of these claims is premised on the basic allegation that Defendants fraudulently represented that the Products contain keratin and can provide the benefits of keratin, even though they do not and cannot. Each of these claims incorporates by reference the factual allegations in the first 75 paragraphs of the Complaint.

Rule 9(b) applies to each of the claims at issue because they are all premised on the Complaint's allegations of fraud. Rule 9(b)'s pleading requirements apply when there are factual allegations of fraud regardless of the cause of action. *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 358 (2d Cir. 2010) (stating that the sufficiency of pleading depends on "the nature of plaintiff's allegations . . . [and w]here the claims are premised on allegations of fraud, the allegations must satisfy the heightened particularity requirements of Rule 9(b)") (internal quotation marks omitted); *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) ("'[T]he particularity requirements of Rule 9(b) apply to claims . . . when, as here, they are grounded in fraud.'") (citation omitted)); *accord Hart v. BHH, LLC*, No. 15 Civ. 4804, 2016 WL 2642228, at *4 (S.D.N.Y. May 5, 2016) (holding that the UCL and FAL claims sound in fraud and are subject to the Rule 9(b) pleading requirements).

The allegations in the Complaint satisfy the particularity requirements of Rule 9(b). The Complaint alleges that Defendants misrepresented the ingredients of the Products by using the word "keratin" in the Products' name, and by representing in the package instructions and on the website that the Products contained "Pro-Keratin" with benefits associated with keratin. The Complaint alleges specifically where and when each Plaintiff bought the Products, and therefore

saw the labels. The Complaint further alleges that the statements were fraudulent because the products did not contain keratin, were incapable of delivering the benefits associated with keratin and that Defendants -- as the manufacturers and distributors of the Products -- knew that they did not contain keratin.

The fact that the advertisements did not use the word "keratin" in isolation and instead used the word "Pro-keratin" does not change the analysis. It is unclear what "Pro-keratin" is and, given the inclusion of the word "keratin" and the characterization of the Shampoo, for example, as "our keratin shampoo," Defendants plausibly misrepresented that the Products contain keratin. In sum, the claims sounding in fraud claim satisfy the requirements of Rule 9(b).

### B. Actual Reliance in UCL and FAL Claims

Defendants' argument that the Complaint fails to show actual reliance to support the fraud claims is rejected. Actual reliance is an element of the California UCL and FAL claims. *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 888 (Cal. 2011). Actual reliance is not required for common law fraud claims under New York or California law. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 170 (2d Cir. 2015) (applying New York law); *Hypertouch, Inc. v. ValueClick, Inc.*, 123 Cal.Rptr.3d 8, 18 (Cal. Ct. App. 2011).

To assert a claim under the UCL and FAL, a plaintiff "is not required to necessarily plead and prove individualized reliance on specific misrepresentations or false statements, where . . . those misrepresentations and false statements were part of an extensive and long-term advertising campaign." *See In re Tobacco II Cases*, 207 P.3d 20, 40–41 (Cal. 2009); *Opperman v. Path, Inc.*, 84 F. Supp. 3d 962, 976 (N.D. Cal. 2015) (applying California law). Here, the Complaint alleges that Products were sold nationwide and each Plaintiff, having seen the

6

Products' name and marketing materials, believed that the Products contained keratin. The Complaint also alleges that each Plaintiff would not have purchased the Products or would have paid less for them had she known the Products did not contain keratin. In sum, the Complaint sufficiently alleges actual reliance to support the UCL and FAL claims. *See, e.g.*, *In re Tobacco II Cases*, 207 P.3d at 40–41; *Opperman*, 84 F. Supp. 3d at 979.

C.  **Breach of Express Warranty in Violation of N.Y. U.C.C. § 2-313**

Defendants' motion is denied as to Count I, which alleges breach of express warranty under the New York Uniform Commercial Code: "Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." N.Y. U.C.C. § 2-313(1)(a). Defendants incorrectly assert that the claim fails because of the lack of privity between Plaintiffs and Defendants.

It is well established that "[a] seller's warranty whether express or implied extends to any natural person if it is reasonable to expect that such person may use, consume or be affected by the goods and who is *injured in person* by breach of the warranty." N.Y. U.C.C. § 2-318 (emphasis added). Under New York law, "[a] buyer may bring a [personal injury] claim against a manufacturer from whom he did not purchase a product directly, since an express warranty may include specific representations made by a manufacturer in its sales brochures or advertisements regarding a product upon which a purchaser relies." *Yates v. Ortho-McNeil-Jansen Pharms. Inc.*, 808 F.3d 281, 303 (6th Cir. 2015) (applying New York law); *Randy Knitwear, Inc. v. Am. Cyanamid Co.*, 181 N.E.2d 399, 401–02 (N.Y. 1962) (rejecting privity requirement for express warranty claim where a manufacturer included a misleading statements in the advertisement); *accord Famular v. Whirlpool Corp.*, No. 16 Civ. 944, 2017 WL 2470844,

7

at *10 (S.D.N.Y. June 7, 2017) (citing New York law); *Weisblum v. Prophase Labs., Inc.*, 88 F. Supp. 3d 283, 295 (S.D.N.Y. 2015) (applying New York law).

Here, Defendants made specific representations in the Products' name, which contains the word "keratin," and the Products' marketing materials, which provide that the Products contain "Pro-Keratin." These representations plausibly constitute an "affirmation of [the] fact" and an express warranty that the Products contain keratin. *See* N.Y. U.C.C. § 2-313(1)(a). The Complaint alleges that Plaintiffs suffered personal injury in the form of hair loss and hair damage because they purchased and used the Products relying on Defendants' false representations that the Products contained keratin. The motion to dismiss the breach of express warranty claim is therefore denied, despite the lack of privity between Plaintiffs and Defendants. *E.g.*, *Sitt v. Nature's Bounty Inc.*, No. 15 Civ. 4199, 2016 WL 5372794, at *16–17 (E.D.N.Y. Sept. 26, 2016) (finding that the complaint stated a breach of express warranty claim under New York law, despite the lack of privity between the parties "because [the plaintiff's] claims are based on allegations related to [the defendant's] assertions in sales materials and advertisements"); *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467, 482–83 (S.D.N.Y. 2014) (finding that the complaint stated a breach of express warranty claim under New York law, despite the absence of privity between the parties, because the defendant advertised that their products were "Active Naturals" when they contained mostly synthetic ingredients).

### D. Breach of Contract under New York Law

Defendants' motion to dismiss Count II, the breach of contract claim under New York Law, as duplicative of Count I, the breach of express warranty claim under the New York Uniform Commercial Code, is denied because Count II is pleaded in the alternative to Count I. Both claims are premised on identical theories of express warranty. Although a plaintiff "cannot

8

recover twice for the same injuries, New York law entitles a plaintiff to assert alternative theories of liability," such that a plaintiff is not required to elect the breach of express warranty theory over the breach of contract theory at this time. *Trump Int'l Hotel & Tower v. Carrier Corp.*, 524 F. Supp. 2d 302, 314 (S.D.N.Y. 2007); *Kruse v. Wells Fargo Home Mortg., Inc.*, 383 F.3d 49, 55 n. 3 (2d Cir. 2004); *accord Benefield v. Pfizer Inc.*, 103 F.Supp.3d 449, 463 (S.D.N.Y. 2015) ("[A] plaintiff is permitted to advance alternative theories of liability for a defendant's allegedly wrongful conduct.").

      **E.**      **Unjust Enrichment under New York and California Law**[1]

            **1. Unjust Enrichment under New York Law**

Defendants' motion to dismiss the unjust enrichment claim under New York law (*see* Count V) is granted because it is duplicative of the other claims. While unjust enrichment may be pleaded as an independent claim under New York law, "it is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon N.Y. Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012). "[A]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Id.; accord In re Gen. Motors LLC Ignition Switch Litig.*, No. 14 Misc. 2543, 2017 WL 2839154, at *31 (S.D.N.Y. June 30, 2017) (applying New York law). Under New York law, "[u]njust enrichment is an equitable claim that is unavailable where an adequate remedy at law exists." *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 F. App'x 611, 613 (2d

---

[1] Count V asserts a common law claim for unjust enrichment on behalf of "the Class and/or the New York and California Subclasses" without specifying the applicable law. Defendants move to dismiss Plaintiff Price's claim under New York law and Plaintiff Chadwick's claim under California law.

Cir. Nov. 24, 2010) (applying New York law); *Samiento v. World Yacht Inc.*, 883 N.E.2d 990, 996 (N.Y. 2008).

This is not the unusual situation where there is no adequate remedy at law. Plaintiff asserts both conventional contract and tort claims based on the same set of facts. All of the claims in the Complaint are based on the same alleged misrepresentation by Defendants that the Products contain keratin. Accordingly, Plaintiffs' New York unjust enrichment claim is dismissed as duplicative. *See, e.g.*, *Buonasera v. Honest Co.*, 208 F. Supp. 3d 555, 567–58 (S.D.N.Y. 2016) (dismissing unjust enrichment claim under New York law because it is duplicative of the plaintiff's other causes of action).

### 2. Unjust Enrichment under California Law

Defendants' motion to dismiss the unjust enrichment claim under California law (Count V) is granted. Generally, in California, where there is a valid express contract covering the same subject matter, there is no standalone cause of action for unjust enrichment. *Grebow v. Mercury Ins. Co.*, 194 Cal. Rptr. 3d 259, 271 (Cal. 2015); *Klein v. Chevron U.S.A., Inc.*, 137 Cal. Rptr. 3d 293, 332 (Cal. Ct. App. 2012). Courts may construe an unjust enrichment claim as a quasi-contract claim seeking restitution, only where the plaintiff alleges that the contract is void, rescinded or unenforceable. *Daniel v. Wayans*, 213 Cal. Rptr. 3d 865, 892 (Cal. Ct. App. 2017) ("[A] party to an express contract can assert a claim for restitution based on unjust enrichment by only alleging in that cause of action that the express contract is void or was rescinded.") (internal quotation marks omitted); *Klein*, 137 Cal. Rptr. 3d at 331 (upholding dismissal of unjust enrichment claim where that claim did not plead in the alternative that the previously alleged contract was unenforceable).

In *Klein*, the plaintiffs purchased gasoline from the defendant. 137 Cal. Rptr. 3d at 300–01. The complaint alleged that every purchase of gasoline created a contract and that the defendants breached this contract by selling non-temperature adjusted gasoline. *Id.* The complaint alleged an unjust enrichment claim based on the same facts, without disputing the existence of the contract. *Id.* at 302. Because the plaintiffs' "breach of contract claim pleaded the existence of an enforceable agreement and their unjust enrichment claim did not deny the existence or enforceability of that agreement," the court concluded that the plaintiffs' contract claim precluded the unjust enrichment claim. *Id.* at 332.

Here, the Complaint alleges that the Products' advertising and Plaintiffs' subsequent purchase of the Products created a contract, promising that the Products contained keratin, and that Defendants breached this contract because the Products did not contain keratin. Plaintiffs' unjust enrichment claim is premised on the same facts and does not dispute the enforceability or the existence of this contract. Therefore, Plaintiffs' unjust enrichment claim is precluded and cannot be construed as a quasi-contract claim. *E.g.*, *Chapman v. Skype Inc.*, 162 Cal. Rptr. 3d 864, 878 (Cal. Ct. App. 2013) (finding that the plaintiff's unjust enrichment claim cannot be construed as a restitution claim because the plaintiff "does not allege that the subscription agreement is unenforceable or that she rescinds the agreement"); *Cheramie v. HBB, LLC*, 545 F. App'x 626, 628 (9th Cir. Nov. 18, 2013) (applying California law) (finding that the plaintiff "cannot plead [restitution claim] because he does not dispute that a valid contract was formed").

### F. Article III Standing and Injunctive Relief

Defendants' motion to dismiss Plaintiffs' demand for injunctive relief is granted. A plaintiff must plead a "real or immediate threat" of injury in order to have standing to pursue injunctive relief. *See City of L.A. v. Lyons*, 461 U.S. 95, 111–12 (1983); *Nicosia v. Amazon.com,*

*Inc.*, 834 F.3d 220, 239 (2d Cir. 2016). "Although past injuries may provide a basis for standing to seek money damages, they do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that she is likely to be harmed again in the future in a similar way." *Nicosia*, 834 F.3d at 239; *accord Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004). "The named plaintiffs in a class action must themselves have standing to seek injunctive relief." *Dodge v. Cty. of Orange*, 103 F. App'x 688, 690 (2d Cir. July 14, 2004) (summary order); *accord Marino v. Coach, Inc.*, No. 16 Civ. 5320, 2017 WL 3731954, at *3 (S.D.N.Y. Aug. 28, 2017).

In *Nicosia*, the plaintiff purchased a dangerous diet drug online from the defendant. The plaintiff, on behalf of a putative class, sought an injunction to prevent the defendant from selling other similar diet drugs, which the defendant continued to offer for sale. The Second Circuit held that the plaintiff did not have Article III standing to seek a preliminary injunction because he did not establish that "he intends to use [the defendant] in the future to buy any products, let alone . . . weight loss products in particular." *Nicosia*, 834 F.3d at 239. Likewise, Plaintiffs here do not have standing because they allege only past injury and state that they would not have bought the Products had they known (as they now do) that the Products do not contain keratin. *E.g.*, *Bernardino v. Barnes & Noble Booksellers, Inc.*, No. 17 Civ. 4570, 2017 WL 3727230, at *5–6 (S.D.N.Y. Aug. 11, 2017) (finding that the plaintiff lacks standing for an injunction because she has stated that "she will not make further DVD purchases from [the defendants]"); *Albert v. Blue Diamond Growers*, 151 F. Supp. 3d 412, 417–18 (S.D.N.Y. 2015) (dismissing the plaintiff's request for injunctive relief for lack of standing because the plaintiff had not alleged that they would repurchase the defendants' almond milk products in the future); *In re Avon Anti-Aging Skincare Creams & Prods. Mktg. & Sales Practices Litig.*, No. 13 Civ. 150, 2015 WL 5730022, at *8 (S.D.N.Y. Sept. 30, 2015) (concluding that the plaintiffs lack standing to seek a

forward-looking injunction because "[e]ach [p]laintiff state[d] that, if she had been aware of the alleged truth about [the defendant's] products, she would not have bought class products" and that the plaintiffs "are unlikely to buy the class products again, and do not allege otherwise in their complaint").

Plaintiffs argue that injunctive relief is available under New York General Business Law § 349, which is the basis for Count IX of the Complaint and not the subject of this motion. Although Plaintiffs may be correct, that relief is not available in federal court because of the lack of Article III standing. *See Marino*, 2017 WL 3731954, at *4 (finding that plaintiffs may seek injunction in state court even though they cannot do so in federal court because they lack Article III standing); *Langan v. Johnson & Johnson Consumer Cos.*, No. 13 Civ. 1470, 2017 WL 985640, at *11 (D. Conn. Mar. 13, 2017) ("[C]onsumer protection statutes . . . may allow for injunctive actions to proceed in state courts that are not subject to federal constitutional standing requirements."). They must pursue injunctive relief, if at all, in state court.

### G. Restitution under New York and California Laws

Plaintiffs do not respond to Defendants' argument that any remedy for restitution is limited to the portion of Plaintiffs' purchase price of the Products attributable to the alleged misstatements. Plaintiffs' demand for restitution, to the extent it seeks the full purchase price of the products, consequently is dismissed as abandoned. *See In re Hoti Enters., L.P.*, No. 13 Civ. 3638, 2014 WL 1244779, at *4 (S.D.N.Y. Mar. 26, 2014), *aff'd*, 605 F. App'x 67 (2d Cir. July 6, 2015). This ruling does not address the calculation of damages or other forms of requested relief apart from restitution.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is DENIED except for Count V for unjust enrichment to the extent asserted under New York and California law. The Clerk of Court is respectfully directed to close the motion at Docket Number 43.

Dated: October 5, 2017
      New York, New York

                                     LORNA G. SCHOFIELD
                                  UNITED STATES DISTRICT JUDGE