September 6, 2018

**VIA ECF FILING**

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

                Re: *Price v. L'Oréal USA, Inc.*, No. 17-cv-00614 (LGS)

Dear Judge Schofield:

       Plaintiffs, Christine Chadwick and Brandi Price ("Plaintiffs"), write to respectfully request that the Court conduct an *in camera* review of documents that Defendants have withheld on the basis of attorney/client privilege.[1] From a review of the un-redacted portions of the documents, Plaintiffs have reason to believe that Defendants' assertion of the privilege is improper.

       Underlying Plaintiff's position is the fact that communications that are predominantly business related and do not involve legal analysis are not covered by the attorney-client privilege. This is precisely what the partially redacted production illustrates: the purpose of the communications was not to obtain legal advice, but rather, to discuss the propriety of the name of the "Keratindose Products," a subject that fits squarely within the Phase II discovery topics in this case.[2]

       In the document production, Defendants have also redacted "comments which have come back from legal & scientific" concerning the propriety of the Keratindose Products' name. To the extent that communications from Defendants' scientific and legal teams comprise "both business and legal evaluations, the business aspects of the decision are not protected simply because legal considerations are also involved." *Complex Sys., Inc. v. ABNAMRO Bank N.V.*, 279 F.R.D. 140, 150 (S.D.N.Y. 2011) (internal quotation marks omitted).

       A review of L'Oréal's Privilege Logs is equally illuminating. Of the 91 "privileged" communications, only 19 purport to represent communications requesting legal advice[3] – four of

---

[1] Defendants have withheld 39 documents and redacted 52 others, claiming that they are protected by the attorney-client privilege and/or the work-product doctrine.

[2] To preserve confidentiality, Plaintiffs have not attached these documents. Should the Court grant the relief requested herein, these documents will be subject to the Court's *in camera* inspection and can be viewed at Bates Numbers MTX_KTDS00000450, MTX_KTDS00000452; MTX_KTDS00000460, MTX_KTD00000492-93, MTX_KTD00001123-24; and MTX_KTD00001129-32.

[3] Defendants marked the privilege logs confidential. Thus, to preserve confidentiality, Plaintiffs have not attached these documents. Should the Court grant the relief requested herein, these

which were sent neither by nor to an attorney.[4] Further, eleven communications are accompanied by an attached "Legal Memorandum regarding analysis of proposed product name," with no indication whether the memorandum contains any *legal* analysis, alludes to a legal principle, or was prepared pursuant to a request for legal advice.[5] Tellingly, less than one-third of the "privileged" communications were sent from or to an attorney. A majority of the communications purport to comprise "a discussion of legal advice regarding the product name" among non-legal personnel.

For these reasons, Plaintiffs respectfully request that the Court conduct an *in camera* review of this relatively small number of documents to determine whether they are indeed protected and, if Your Honor determines that they are not protected, to order their production to Plaintiffs.

The parties have met and conferred regarding Defendants' redaction and withholding of documents in their recent discovery production. Plaintiffs were unable to obtain Defendants' concurrence regarding the relief requested herein.

Respectfully submitted,

s/ *Rachel Soffin*

---

documents will be subject to the Court's *in camera* inspection and can be viewed L'Oreal Privilege Log 7/31/2018 (Log entries 8, 47-57); L'Oreal Privilege Log 8/13/2018 (Log entries 3, 11, 14, 18, 21-22); L'Oreal Privilege Log 8/20/2018 (Log entry 1).

[4] L'Oreal Privilege Log 7/31/2018 (Log entries 47, 56-57); L'Oreal Privilege Log 8/20/2018 (Log entry 1).
[5] L'Oreal Privilege Log 7/31/2018 (Log entries 9, 12, 14, 16); L'Oreal Privilege Log 8/13/2018 (Log entries 4-5, 12-13, 16-17, 20).