**GREG COLEMAN LAW**
*Justice For You*

GREGORY F. COLEMAN*╪
ADAM A. EDWARDS
MARK E. SILVEY╪                                                         *Certified as a Civil Trial Specialist
LISA A. WHITE                                                           ╪Certified as a Civil Pretrial Practice
JUSTIN G. DAY                                                           Advocate
WILLIAM A. LADNIER                                                      ╪Licensed also in Georgia
RACHEL SOFFIN^                                                          ^Licensed in only Florida and Georgia

September 17, 2018

**VIA ECF FILING**
The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *Price v. L'Oréal USA, Inc.*, No. 17-cv-00614 (LGS)

Dear Judge Schofield:

      We represent Plaintiffs Brandi Price and Christine Chadwick and the certified classes in the above-captioned matter. Pursuant to Rule III.A of Your Honor's Individual Rules, we write to request a conference before moving to compel production of documents and information subject to Phase II discovery, which L'Oréal failed to produce. L'Oréal has intentionally frustrated Plaintiffs' discovery efforts.  As described below, L'Oréal has failed to honor its discovery obligations, and has instead improperly limited its document production and restricted the testimony of its corporate representatives.  As a result, Plaintiffs seek to compel:

1. documents responsive to the following search terms: brush!, comb!, force!, friction!, frizz!, ingredient!, instrumental!, "moisture balance," remediat!, smooth!, "instrumental studies," "study protocol," and trinome!.

2. discovery regarding the origins of the formula or compound called "Pro-Keratin," including the development of the name and any clinical testing involving the same.

      The requested search terms are directly relevant to the elements of the claims for which Your Honor has certified classes, as well as to L'Oréal's defenses.  Discovery regarding the origins of "Pro-Keratin" is relevant to this action as it appears L'Oréal intends to rely upon that term to prove that it did not engage in deceptive or unlawful conduct.

**Relevant Background**

Phase II Discovery Topics:

      The parties have been actively engaged in Phase II discovery. The topics in this phase include (i) documents sufficient to show L'Oréal's profits from the sale of the **Keratin**dose Products; (ii) documents concerning the product and claim development of the **Keratin**dose Products, (iii) documents reflecting substantiation for the challenged claims, and (iv) documents reflecting clinical trials of the **Keratin**dose Products. The Court and parties have agreed that this

includes L'Oréal's "subjective intent" in naming the **Keratin**dose Products. Defendants' responses to topics ii, iii and iv are the subject of this letter motion. Dkt. No. 108, at n. 1.

L'Oréal's Paltry Phase II Document Production

Pursuant to the operative Case Management Order, the deadline for Phase II document production was July 31 2018, and the deadline for fact discovery is September 30. Dkt. No. 113. Defendants produced *only* 338 documents during Phase II discovery, on a rolling basis, with the most recent and final production made on August 20, 2018 – *after* the deadline. The documents produced are from the date range January 1, 2011 to December 31, 2013, which *does not include the date that the Challenged Term "Pro-Keratin" was formed* ████████████  Further, many responsive documents were redacted or withheld based on L'Oréal's assertion of privilege.

On September 6, 2018, Plaintiffs requested that the Court conduct an *in-camera* review of Phase II documents that L'Oréal redacted and withheld on the basis of attorney-client privilege. Dkt. No. 164. On September 10, the Court ordered the parties to communicate regarding selected documents to submit on September 14 for such a review. Dkt. No. 167. The parties are scheduled to appear before the Court on this matter on September 20, 2018.

Discovery and the Record Regarding the Pro-Keratin Term:

In its opposition to Plaintiffs' Motion for Class Certification, L'Oréal stated that "Pro-Keratin" is a term that is "unique to L'Oréal," Dkt. No. 157 at 3 n.5, and that "Keratindose" and "Pro-Keratin" are not objective terms with a fixed meaning, *Id.* at 15-16. However, in its recent Rule 23(f) Petition, L'Oréal stated: "As set forth on the labels of the Products, each of them contains Pro-Keratin and Silk, and is intended to treat overprocessed hair." *See* Ex. 1, at 4. (Rule 23(f) Petition). Further, L'Oréal's document production reveals that its employees discussed the ████████████████████████████████████████████████████████████ Thus, L'Oréal has ascribed a fixed meaning to the term – a term upon which it appears to rely in defending this action, but about which it has failed to provide adequate discovery. Discovery has revealed that ████████ ████████████████████████████████████████████████ (and long before the discovery search term date range provided by L'Oréal -- 2011 to 2013), and there is no evidence in the record that anyone involved in naming and labeling the **Keratin**dose Products knows what "Pro-Keratin" actually is or does.

L'Oréal's Corporate Representative Depositions

On June 14, 2018, Plaintiffs' counsel deposed Mary Soliman, L'Oréal's corporate representative regarding clinical trials conducted on the **Keratin**dose Products. Ms. Soliman's testimony revealed that instrumental testing showed only that use of the *three* **Keratin***dose Products together* makes hair easier to brush and less frizzy. Plaintiffs also learned that L'Oréal has ████████████████████████████████████████. In addition, Ms. Soliman testified that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Ex. 2

(Soliman Dep., 93:108, filed under seal). She testified that someone at L'Oréal determined that certain ingredients would make up the Pro-Keratin bundle, but she was not aware of the circumstances nor was she aware of what other products contain that bundle. *Id.*

On September 7, 2018, Plaintiffs' counsel deposed Lisa Morris, L'Oréal's corporate representative for Phase II discovery. Ms. Morris testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 3 (Morris Dep., at 64-66, filed under seal). She also confirmed that the term "Pro-Keratin" ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ she knew nothing about the origin of the term. *Id*. at 128:20-129:5.

Additional Fact Depositions

Following review of L'Oréal's last document production and the depositions of Mary Soliman and Lisa Morris, Plaintiffs identified several individuals with information relevant to the Phase II discovery topics. The parties are currently attempting to schedule the depositions of four such individuals. Plaintiffs reserve the right to notice additional fact depositions.

The **Keratin**dose Defense Document

At her deposition Ms. Soliman produced a document in support of L'Oréal's defense ("**Keratin**dose Defense Document"), which addresses the testing, efficacy and ingredients of the **Keratin**dose Products. *See* Ex. 4 (**Keratin**dose Defense Document, filed under seal). This document provides long-awaited insight into how L'Oréal intends to defend this action—information that would have been the subject of discovery, but for Defendants' obfuscation.

**Requested Relief**

Between July 6, 2018 and August 2, 2018, the parties corresponded regarding L'Oréal's discovery responses. This correspondence included the negotiation of search terms and records custodians for the search, and the identification of corporate representatives. *See* attached composite Ex. 5 (July 6-July 18, 2018 correspondence—unredacted documents filed under seal). Plaintiffs proposed the search terms that are now the subject of this motion (brush!, comb!, force!, friction!, frizz!, ingredient!, instrumental!, "moisture balance," remediat!, smooth!, "instrumental studies," "study protocol," and trinome!), but that suggestion was rebuffed by Defendants, hence our request for intervention when the limited discovery has revealed the relevance of these terms.

Plaintiffs also ask the Court to compel Defendants to respond to discovery requests regarding the genesis of "Pro-Keratin," including the name and any clinical testing involving the same. It is Plaintiffs' understanding that L'Oréal made no effort to gather documents on this topic, even though (1) "Pro-Keratin" is a Challenged Term in this lawsuit, (2) the subjective intent behind the Challenged Terms–and clinical testing regarding the same–are Phase II discovery topics, and (3) the individuals involved in labeling the **Keratin**dose Products relied upon the name "Pro-Keratin," apparently without particular consideration because of the name's long existence within L'Oréal. If L'Oréal intends to rely upon "Pro-Keratin" in defending this action, then Plaintiffs are entitled to discover information about the term's roots.

/s/ *Rachel Soffin*_____
Rachel Soffin