# EXHIBIT 1

# 18-_____

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆◆

BRANDI PRICE and CHRISTINE CHADWICK,
on behalf of themselves and all others similarly situated,

*Plaintiffs-Respondents,*

—against—

L'OREAL USA, INC. and MATRIX ESSENTIALS LLC,

*Defendants-Petitioners.*

FROM AN ORDER GRANTING CLASS CERTIFICATION
ENTERED ON AUGUST 15, 2018
BY THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
NO. 1:17-CV-00614-LGS
HONORABLE LORNA G. SCHOFIELD

## PETITION FOR PERMISSION TO APPEAL
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(F)

FREDERICK B. WARDER, III
MAREN J. MESSING
PATTERSON BELKNAP WEBB
  & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000

*Attorneys for Defendants-Petitioners*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Petitioner-Defendant L'Oréal USA states that it is a subsidiary of L'Oréal S.A., which is a publicly owned company.


Pursuant to Federal Rule of Appellate Procedure 26.1, Petitioner-Defendant Matrix Essentials LLC states that it is a subsidiary of L'Oréal USA, Inc.

# TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT ...............................................i

PRELIMINARY STATEMENT ...........................................................1

JURISDICTION..........................................................................2

QUESTIONS PRESENTED...............................................................3

BACKGROUND .........................................................................4

    A.    Plaintiffs' Liability Theory.................................................4

    B.    The Evidentiary Record on Materiality.................................5

    C.    The District Court's Class Certification Order ......................6

REASONS FOR GRANTING THE PETITION......................................8

ARGUMENT ...........................................................................10

    A.    Evidence regarding materiality is relevant to whether
        common issues of fact will predominate as to plaintiffs'
        UCL and FAL claims .....................................................11

    B.    Materiality is relevant to whether common issues of fact
        will predominate as to plaintiffs' GBL § 349 claim ...........14

    C.    Materiality is relevant to whether common questions of fact
        will predominate as to plaintiffs' claim for breach of
        express warranty under California law ..............................16

CONCLUSION .........................................................................19

ii

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ackerman v. Coca-Cola*,
  09 CV 395 (DLI), 2013 U.S. Dist. LEXIS 184232 (E.D.N.Y. July
  17, 2013) ..................................................................................................8

*Algarin v. Maybelline, LLC*,
  300 F.R.D. 444 (S.D. Cal. May 12, 2014) .......................................................9, 13

*Asghari v. Volkswagen Group of Am., Inc.*,
  42 F. Supp. 3d 1306, 1334 (C.D. Cal. 2013) ........................................................17

*Astiana v. Ben & Jerry's Homemade, Inc.*,
  No. C10-4387 (PJH), 2014 U.S. Dist. LEXIS 1640 (N.D. Cal. Jan.
  7, 2014) ..................................................................................................8

*Astiana v. Kashi Co.*,
  291 F.R.D. 493 (S.D. Cal. 2013) ......................................................................16

*Coleman v. Boston Sci. Corp.*,
  No. 1:10cv-01968-OWW-SKO, 2011 U.S. Dist. LEXIS 96315
  (E.D. Cal. Aug. 29, 2011) ...............................................................................17

*In re Currency Conversion Fee Antitrust Litig.*,
  230 F.R.D. 303 (S.D.N.Y. 2004) ......................................................................15

*Dei Rossi v. Whirlpool Corp.*,
  No. 2:12-cv-00125-TLN-CKD, 2015 U.S. Dist. LEXIS 55574
  (E.D. Cal. Apr. 27, 2015) ...............................................................................17

*Goldemberg v. Johnson & Johnson Consumer Cos.*,
  317 F.R.D. 374 (S.D.N.Y. 2016) ......................................................................13

*Guido v. L'Oréal USA Inc.*,
  284 F.R.D. 468 (C.D. Cal. 2012) ......................................................................12

*Hevesi v. Citigroup, Inc.*,
  366 F.3d 70 (2d Cir. 2004) ..............................................................................9

iii

## TABLE OF AUTHORITIES
## (CONTINUED)

Page(s)

*Karim v. Hewlett-Packard Co.*,
No. C 12-5240 PJH, 2014 U.S. Dist. LEXIS 65742 (N.D. Cal. Feb.
10, 2014) ....................................................................................................17

*Kwikset Corp. v. Super. Ct*,
246 P.3d 877 (Cal. 2011) ..........................................................................12

*Lucas v. Breg, Inc.*,
212 F. Supp. 3d 950, 969 (S.D. Cal. 2016) ..........................................8, 12

*McLaughlin v. Am. Tobacco.*,
522 F. 3d 215 (2d Cir. 2008) .....................................................................15

*Morrissey v. Nextel Partners, Inc.*,
895 N.Y.S.2d 580 (3d Dep't 2010).............................................................15

*Newton v. Merrill Lynch*,
259 F.3d 154 (3d Cir. 2001) ......................................................................10

*In re NJOY Consumer Class Action Litig.*,
120 F. Supp. 3d 1050, 1103 (C.D. Cal. 2015) ...........................................12

*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*,
85 N.Y. 2d 20 (1995) ............................................................................14, 15

*Pagan v. Abbott Labs., Inc.*,
287 F.R.D. 139 (E.D.N.Y. 2011)...........................................................8, 15

*Price v. L'Oréal USA Inc.*,
No. 17 Civ. 614 (LGS), 2017 U.S. Dist. LEXIS 165931 (S.D.N.Y.
Oct. 5, 2017) ................................................................................................4

*In re Scotts EZ Seed Litig.*,
304 F.R.D. 397 (S.D.N.Y. 2015) ...............................................................13

*Small v. Lorillard Tobacco Co.*,
94 N.Y. 2d 43 (1999) .................................................................................14

iv

# TABLE OF AUTHORITIES
## (CONTINUED)

<u>Page(s)</u>

*Stutman v. Chem. Bank*,
  95 N.Y. 2d 24 (2000) ...........................................................................................14

*In re Sumitomo Copper Litigation*,
  262 F.3d 134 (2d Cir. 2001) ...............................................................................8

*Turcios v. Carma Labs, Inc.*,
  296 F.R.D. 638 (C.D. Cal. 2014)....................................................................9, 13

*In re Visa Check/MasterMoney Antitrust Litig.*,
  280 F.3d 124 (2d Cir. 2001) (Jacobs, J., dissenting) .........................................9

*Wiener v. Dannon Co.*,
  255 F.R.D. 658 (C.D. Cal. 2009).......................................................................18

L'Oréal USA and Matrix Essentials (collectively, "L'Oréal") respectfully seek permission to appeal an order of the district court (Schofield, J.) certifying two classes pursuant to Federal Rule of Civil Procedure 23(b)(3).

## PRELIMINARY STATEMENT

This petition raises a question that is central to consumer class actions, and is likely to recur: is evidence regarding materiality relevant at the class certification stage?

The district court below found that evidence regarding materiality was irrelevant at the class certification stage.  But materiality is both relevant and essential to the class certification analysis because the elements of reliance and causation (which raise individual questions that would ordinarily defeat predominance) can only be presumed or inferred classwide when there is a showing of materiality. The district court declined to consider the relevance of whether plaintiffs had made (or could make) a showing of materiality on the record in this case.  See Declaration of Frederick B. Warder III In Support of 23(f) Petition, ("Warder Decl.") Ex. 1 (District Court Opinion ("Op.")) at 17.  The district court's basis for declining to consider evidence regarding materiality was that because materiality would be judged by an objective standard, it could be proven classwide with common evidence.

1

Even if, as the district court held, materiality can be determined objectively at the merits stage as an element of the claims in suit, materiality serves a different function at the class certification stage.  Materiality is the basis for the classwide presumptions of reliance and causation that permit courts to find that common issues will predominate in fraud-based claims such as those asserted in this case. For this reason, some showing of materiality by plaintiffs is required at the class certification stage.  Evidence of materiality, or immateriality as the case may be, is therefore relevant to the class certification analysis in consumer fraud actions.

## JURISDICTION

The district court has jurisdiction over this action under 28 U.S.C. § 1332(d). This Court has jurisdiction over this interlocutory appeal under 28 U.S.C. § 1292(e), incorporating by reference Fed. R. Civ. P. 23(f).  The district court's order granting in part and denying in part Plaintiffs' motion for class certification was entered August 15, 2018.  This petition is thus timely filed within fourteen days. Warder Decl. Ex. 1; Fed. R. Civ. P. 23(f).

## QUESTIONS PRESENTED

1.  Is evidence regarding materiality, or lack thereof, relevant to class certi-fication of consumer fraud and related claims?

2.  Is review warranted pursuant to F.R.C.P. 23(f) where a district court fails to consider evidence regarding materiality, including unrebutted record evidence of immateriality, in its Rule 23(b)(3) analysis when determining whether common questions predominate in consumer fraud class actions?

## BACKGROUND

This consumer class action case involves the Matrix Biolage Advanced Keratindose system of shampoo, conditioner, and Renewal Spray ("the Products") and allegations that the terms "Keratindose" and "Pro-Keratin + Silk" (the "Challenged Terms") misled purchasers to believe that the Products contained a protein called "keratin."  As set forth on the labels of the Products, each of them contains Pro-Keratin and Silk, and is intended to treat overprocessed hair.  All of the Products list their ingredients on their back panel.  As the Products' labels reflect, none of the Products contain keratin.

### A.    Plaintiffs' Liability Theory

Plaintiffs allege that keratin is a "protein naturally present in human hair, skin and nails."[1]  Plaintiffs claim that the Products' labels are misleading because the Challenged Terms suggest that keratin is an ingredient when the Products do not contain keratin.  Indisputably, each of plaintiffs' claims, all of which are based upon these same allegations, sound in fraud.  See *Price v. L'Oréal USA Inc.,* No. 17 Civ. 614 (LGS), 2017 U.S. Dist. LEXIS 165931, at *7 (S.D.N.Y. Oct. 5, 2017) (plaintiffs' claims sound in fraud).  Plaintiffs contend that the Challenged Terms were material to purchasers and/or to the "reasonable consumer," and that the Challenged Terms falsely communicated a keratin ingredient claim.

---

[1]*See* Dkt. No. 42 (Am. Complaint) ¶¶ 3–6.

4

### B.     The Evidentiary Record on Materiality

At class certification, the named plaintiffs' own testimony and the consumer survey conducted by Dr. Eli Seggev contradicted plaintiffs' theory of liability by showing that the terms "Keratindose" and "Pro-Keratin" were not material to most consumers' purchasing decisions and were not material to the "reasonable consumer."[2]

The only evidence proffered by plaintiffs was the testimony of the two purative class representatives, Brandi Price and Christine Chadwick.  Plaintiff Price testified that she would have purchased anything that her stylist, Amanda, recommended to her that day regardless of whether it contained keratin.[3]  She stated that she was not motivated to purchase the Keratindose spray because of the Challenged Terms, or because she believed that the Products contained keratin.[4]  Plaintiff Chadwick testified that she is a loyal Matrix consumer who "always buy[s] Biolage [branded products]."[5]  She was attracted to the Products because of brand affinity, because they were on sale, and because she, like Ms. Price, received an in-salon recommendation from a salon employee.  Ms. Chadwick alternatively testified that she was attracted to the Products because she believed they either con-

---

[2]Warder Decl. Ex. 2 (Seggev Report) at ¶ 80.
[3]Warder Decl. Ex. 3 (Price Tr.) 84:14–85:8
[4]*Id.*
[5]Warder Decl. Ex. 4 (Chadwick Tr.) 79:23.

tained keratin taken from other human hair, or that they contained "keratindose".[6] Neither of the plaintiffs cared enough about whether the Products contained keratin to check their ingredient list.[7]  Neither has since sought to buy products that contain keratin.[8]

Defendants proffered evidence in the form of expert testimony based on a consumer survey analyzing whether the Challenged Terms were material to consumers' purchase.  The results and Dr. Seggev's testimony– which were unrebutted – showed that the Challenged Terms were material to only a small minority of potential class members, and were not material to the "reasonable consumer."  This was consonant with the named plaintiffs' own testimony that they purchased the Products based on brand, price, and a favorable recommendation from a stylist.

### C.    The District Court's Class Certification Order

On August 15, 2018, the district court granted in part and denied in part plaintiffs' request for certification under Rule 23(b)(3).  The district court determined that class certification was inappropriate as to plaintiffs' New York breach of warranty and fraud claims, but granted plaintiffs' request for certification of a California Class for claims of breach of Express Warranty under California law, and California's UCL and FAL, and granted certification of a New York Class for

---

[6]Chadwick Tr. 67:8-68:22; 85:20-86:7.
[7]Price Tr. 68:15–17; Chadwick Tr. 126:14–18, 128:25–129:4.
[8]Chadwick Tr. 58:2–4; 126:14–18; 128:25–129:4; Price Tr. 45:5–9.

claims pursuant to the NY GBL §349 and for breach of contract under New York law (together, "the Certified Claims)", all pursuant to Rule 23(b)(3).

At the outset of its predominance analysis under Rule 23(b)(3) the district court stated that because "questions as to reliance are individualized, . . . certification is appropriate only as to claims that do not include actual reliance as an element." Op. at 10. The district court then went on to analyze each of plaintiffs' claims on this ground. However, the district court failed to address the requirement of reliance in plaintiffs' UCL and FAL claims, and the case law holding that in order for a class to benefit at the certification stage from a presumption or inference of reliance or causation, class plaintiffs must make a preliminary showing that the alleged misrepresentation is material. The district court likewise failed to address the GBL's causation requirement which, courts have held, is essentially the same as reliance in the context of fraud, and the requirement of reliance in plaintiffs' claim for breach of express warranty. Moreover, the district court failed to consider the relationship between materiality on the one hand, and reliance/causation on the other, in the Rule 23 analysis. The district court referred to Dr. Seggev's materiality survey only briefly in its opinion, erroneously holding that the evidence of immateriality was irrelevant at the class certification stage except to the extent that it suggested that materiality could be proven "through common evidence." *Id.* at 17.

7

## REASONS FOR GRANTING THE PETITION

This Court has "unfettered discretion . . . to permit appeal" of an order granting or denying class certification.  Fed. R. Civ. P. 23(f), Advis. Comm. Note to 1998 Amend.  Permission may be granted based upon "any consideration" this Court "finds persuasive."  *Id.*

The Second Circuit has stated that leave to appeal pursuant to Rule 23(f) is appropriate where either (1) the certification order will effectively terminate the litigation and there has been a substantial showing that the district court's decision is questionable, *or* (2) that the certification order implicates a legal question about which there is a compelling need for immediate resolution.  *In re Sumitomo Copper Litigation*, 262 F.3d 134 (2d Cir. 2001).  In *Sumitomo,* the Court explained that a legal question compels immediate review where it is "of fundamental importance to the development of the law of class actions and it is likely to escape effective review after entry of final judgment."  262 F.3d at 140.

This case falls into the second category.  The question of whether evidence regarding materiality is relevant or necessary at the class certification stage in consumer class actions is an important legal question that will arise continuously,[9] and

---

[9] The issue has arisen on many occasions in the context of Rule 23 analysis.  *See, e.g., Pagan v. Abbott Labs., Inc*., 287 F.R.D. 139, 148 (E.D.N.Y. 2011); *Ackerman v. Coca-Cola,* 09 CV 395 (DLI) (RML), 2013 U.S. Dist. LEXIS 184232, at *37 & n.18 (E.D.N.Y. July 17, 2013) (declining to consider materiality evidence at class certification stage); *Lucas v. Breg, Inc.*, 212 F. Supp. 3d 950, 969 (S.D. Cal. 2016) (class should not be certified where there is neither a sustainable presumption of materiality nor a showing of materiality by the plaintiffs); *Astiana v. Ben & Jer-*

on which there is no guidance from this Court.  Whether or not a district court can postpone consideration of materiality, when materiality "is often essential" to decision on class certification, warrants this Court's interlocutory review.  *Hevesi v. Citigroup, Inc.,* 366 F.3d 70, 77 (2d Cir. 2004) (discussing "significant effect" of presumption in class certification in context of fraud-on-the-market doctrine and granting 23(f) petition to review on interlocutory appeal).  As was the case with the securities laws discussed in *Hevesi,* the question of whether a presumption of reliance or causation is appropriate will be often determinative on class certification in consumer fraud class actions.  This Court can provide much-needed guidance as to whether evidence regarding materiality must be considered at the class certification stage as well as the merits stage.

These issues are likely to evade review – indeed, they *have* evaded review – because consumer class actions tend to settle after class certification is decided.  Very few, if any, are litigated to completion.  *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 148 (2d Cir. 2001) (Jacobs, J., dissenting) ("One sound

---

*ry's Homemade, Inc.*, No. C10-4387 (PJH), 2014 U.S. Dist. LEXIS 1640 at *19–20, 31 (N.D. Cal. Jan. 7, 2014) (plaintiff did not establish that materiality is a common question where defendants presented evidence that consumer choice is affected by many factors and survey showed "no evidence" that consumers gave "significant consideration" to "all natural" label); *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 457 (S.D. Cal. May 12, 2014) (where evidence showed that claims were material to less than 15 percent of purchasers, "whether [the defendant's] conduct was . . . likely to deceive is not subject to common proof on a classwide basis."); *Turcios v. Carma Labs, Inc.*, 296 F.R.D. 638, 646 (C.D. Cal. 2014) ("elements of reliance and materiality are not subject to common proof" in view of "evidence that consumers' behavior varies even when there is a common awareness of the alleged misrepresentation").

basis for granting jurisdiction under Rule 23(f) is . . . the circumstance that the class certification 'places inordinate or hydraulic pressure on defendants to settle, avoiding the risk, however small, of potentially ruinous liability.'" (quoting *Newton v. Merrill Lynch*, 259 F.3d 154, 164 (3d Cir. 2001))).  If this Court does not review the issue on interlocutory appeal, it is unlikely that the district courts will receive direction from the Circuit.

## ARGUMENT

### I.  THE DISTRICT COURT ERRED IN IGNORING THE RELEVANCE OF MATERIALITY EVIDENCE TO ITS RULE 23 ANALYSIS

The district court erroneously held that evidence regarding materiality was irrelevant at the class certification stage.  More specifically, the district court erred in finding that the expert report and testimony of Dr. Seggev showing that the Challenged Terms were immaterial to most consumers or to the reasonable consumer was irrelevant to its Rule 23(b)(3) predominance analysis.  Op. at 17.  The court found that, for purposes of Rule 23, it was sufficient that the materiality of the Challenged Terms could be determined through common evidence.  Op. at 17. In doing so, the district court failed to address the relevance of the survey and testimonial evidence to whether plaintiffs were entitled to an inference or presumption of reliance or causation on their consumer fraud claims.  Dr. Seggev's survey and testimony – along with the named plaintiffs' testimony on materiality – is rele-

10

vant at the class certification stage because reliance and causation, which are ele-ments of plaintiffs' claims, can only be shown through common evidence where there is a presumption due to a showing of the materiality of the alleged misstate-ments.

### A.  Evidence regarding materiality is relevant to whether common is-sues of fact will predominate as to plaintiffs' UCL and FAL claims

The district court erred in failing to address the relevance of Dr. Seggev's survey and testimony, and the testimony of the named plaintiffs regarding materi-ality, to the question of whether common questions will predominate in plaintiffs' UCL and FAL claims.

The district court's decision acknowledged that, pursuant to these statutes, a plaintiff must demonstrate injury and causation, but need not do so on an individu-al basis (which would destroy predominance under Rule 23(b)(3)) because "a pre-sumption, or at least an inference, of reliance" is available to the class plaintiffs. Op. at 12.  The district court's decision also acknowledged that such a presumption only "arises . . . *whenever there is a showing that a misrepresentation was materi-al*."  Op. at 12 (emphasis added) (internal citation omitted).  However, the court cited nothing on the record in this case that would constitute a showing (or would support an inference) that the alleged misrepresentation was material.  The district court's only analysis as to whether the alleged misrepresentations were material

comes in the discussion of the plaintiffs' fraud claims, where the court rejected an inference of materiality, stating that "[c]ustomers may have had many reasons for purchasing the Products apart from their purported keratin content," including their "smell, color, consistency, the aesthetics of their packaging."  Op. at 16-17.

Claims under the UCL and FAL are fraud-based claims, and thus require a showing of reliance just like the common law fraud claims that the District Court declined to certify.   *See Kwikset Corp. v. Super. Ct*, 246 P.3d 877, 887–88 (Cal. 2011) (plaintiffs must "demonstrate actual reliance on the allegedly deceptive or misleading statements," just as "in ordinary fraud actions") (internal quotation marks and citations omitted).  In the class context, where plaintiffs do not put forward a showing of materiality, the element of reliance must be proven as to each class member.  *Lucas*, 212 F. Supp. 3d at 969 (UCL, FAL, and fraud claims "all require a showing of reliance, of varying specificity, on the alleged misrepresentations" and a "presumption of reliance" is only proper where the alleged misrepresentation is material); *In re NJOY Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1103 (C.D. Cal. 2015) (plaintiff need not show individual reliance under UCL and FAL *only if* they can establish the materiality of the message).

For this reason, courts have looked to the evidence of materiality on the record to determine whether it supports such an inference, as part of their Rule 23(b)(3) predominance analysis.  *See, e.g., Guido v. L'Oréal USA Inc.*, 284 F.R.D.

468, 475 & n.6 (C.D. Cal. 2012) (finding plaintiffs' testimony sufficient at class certification stage to raise classwide inference of causation); *Goldemberg v. Johnson & Johnson Consumer Cos.,* 317 F.R.D. 374, 392, 395 (S.D.N.Y. 2016) (examining record evidence regarding materiality at class certification stage and noting California statutes allow an inference of reliance only "if the deception was material"); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 410 (S.D.N.Y. 2015) (at class certification stage, inference of reliance appropriate only where "there is a showing that a misrepresentation was material") (internal citation omitted).  This includes survey evidence.  *See, e.g, Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 457 (S.D. Cal. May 12, 2014) (where evidence showed that claims were material to less than 15 percent of purchasers, "whether [the defendant's] conduct was . . . likely to deceive is not subject to common proof on a classwide basis."); *Turcios v. Carma Labs, Inc.*, 296 F.R.D. 638, 646 (C.D. Cal. 2014) (reliance not subject to common proof in view of "evidence that consumers' behavior varies even when there is a common awareness of the alleged misrepresentation").

Thus, in the Rule 23 analysis of UCL and FAL claims, a showing of the materiality of the alleged misrepresentations is the prerequisite for excusing class plaintiffs from proving individual reliance.  That is true regardless of whether materiality may be measured on an objective or "reasonable consumer" basis at trial. For this reason, the district court erred in declining to address the relevance of ma-

teriality to class certification and in certifying a class where plaintiffs made no showing of materiality. And any presumption or inference of materiality that may have been allowed under the UCL and FAL was rebutted in this case by Dr. Seggev's survey and testimony, and by the testimony of the named plaintiffs.

## B. Materiality is relevant to whether common issues of fact will predominate as to plaintiffs' GBL § 349 claim

As the district court acknowledged, GBL § 349 unquestionably requires proof of causation—a link between an allegedly material misrepresentation and the plaintiff's injury. *See* Op. at 10 (plaintiff must demonstrate he "has been injured as a result" of defendant's deceptive acts). *See also Small v. Lorillard Tobacco Co.,* 94 N.Y. 2d 43, 55-56 (1999) (plaintiff must allege that the defendant has engaged "in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof") (quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 N.Y. 2d 20, 25 (1995)). But in granting class certification of plaintiffs' GBL claim, the district court did not address how plaintiffs would prove causation using common evidence.

Specifically, the district court did not address that New York courts have held that § 349's causation requirement is *equivalent to reliance*, particularly in cases of fraud claims.[10] *See, e.g., Stutman v. Chem. Bank*, 95 N.Y. 2d 24, 30 (2000) ("[R]eliance and causation are twin concepts" under § 349 and "[i]n the

---

[10] *See supra* at 4.

context of fraud, they are often intertwined"); *Oswego,* 85 N.Y. 2d at 26 (although § 349 "does not require proof of justifiable reliance, a plaintiff seeking compensatory damages must show that the defendant engaged in a material deceptive act or practice that caused" actual harm); *Morrissey v. Nextel Partners, Inc*., 895 N.Y.S.2d 580, 584-5 (3d Dep't 2010) ("Although reliance is not an element, plaintiffs must show that the 'material deceptive act' caused the injury.").

Causation, like reliance, presents inherently individualized issues of why each purchaser bought the product. *See Pagan v. Abbott Labs., Inc*., 287 F.R.D. 139, 148 (E.D.N.Y. 2011) (plaintiffs must present "proof that a material deceptive act or practice caused actual . . . harm" (citation and internal quotations omitted)); *Morrisse*y, 895 N.Y.S.2d at 584-5 (declining to certify § 349 claim where facts on record suggested that some consumers did not suffer injury as a result of the deceptive practice). Courts have found that the "assessment of specific causation often dissolves into a myriad of individualized causation inquiries" that make them inappropriate for class certification. *See In re Currency Conversion Fee Antitrust Litig.*, 230 F.R.D. 303, 310-11 (S.D.N.Y. 2004) (internal quotations omitted); *see also McLaughlin v. Am. Tobacco.,* 522 F. 3d 215, 223-224 (2d Cir. 2008) (reliance on a misrepresentation cannot be the subject of general proof).

In this case, the only way to determine whether consumers suffered injury as a result of the deceptive practice is to inquire whether consumers purchased the

Products – and paid a price premium – because of the Challenged Terms.  Without a threshold showing, or a presumption, that the Challenged Terms were material to the reasonable consumer, plaintiffs' GBL claim fails the predominance requirement for certification *in the same way* that plaintiffs' claims for fraud failed the predominance requirement: causation will require individualized evidence.  *See* Op. 13-14, 16-17.  The district court did not find that plaintiffs made a showing of materiality, or that a presumption of materiality was justified by the record.  Instead, the district court erroneously found evidence regarding materiality of the Challenged Terms irrelevant to class certification.

### C.   Materiality is relevant to whether common questions of fact will predominate as to plaintiffs' claim for breach of express warranty under California law

Dr. Seggev's consumer survey was also relevant to plaintiffs' claim for breach of express warranty under California law because where such a claim is not founded on privity it requires a showing of reliance.  As with plaintiffs' other claims, a classwide presumption of reliance is inappropriate unless the challenged statement was sufficiently material that a reasonable consumer would have relied upon it.  *See, e.g., Astiana v. Kashi Co.*, 291 F.R.D. 493, 509 (S.D. Cal. 2013) (breach of express warranty claims inappropriate for class treatment short a showing that the alleged misrepresentation is materially misleading).

16

The district court determined, without analysis, that unlike plaintiffs' other claims which were *not* appropriate for class certification, a claim for breach of express warranty under California law did not contain an element of reliance.  Op. at 15-16.  In so finding, the court contravened existing precedent that where a claim for breach of express warranty under California law is not founded on privity it does require a showing of reliance.  *See, e.g.*, *Dei Rossi v. Whirlpool Corp.*, No. 2:12-cv-00125-TLN-CKD, 2015 U.S. Dist. LEXIS 55574, at *28 (E.D. Cal. Apr. 27, 2015) (privity or reliance required for breach of warranty claim); *Coleman v. Boston Sci. Corp.*, No. 1:10cv-01968-OWW-SKO, 2011 U.S. Dist. LEXIS 96315, at *13 (E.D. Cal. Aug. 29, 2011) (rejecting plaintiff's reliance on *Weinstat* and argument that reliance is not required where parties are not in privity); *Asghari v. Volkswagen Group of Am., Inc*., 42 F. Supp. 3d 1306, 1334 (C.D. Cal. 2013) (same).  The case on which the district court relied in rejecting the reliance requirement involved a plaintiff suing HP after he bought a computer from its website, i.e., the plaintiff and defendant were in privity.  *See* Op. at 15, citing *Karim v. Hewlett-Packard Co.,* No. C 12-5240 PJH, 2014 U.S. Dist. LEXIS 65742, at *2 (N.D. Cal. Feb. 10, 2014).  Because L'Oréal does not sell to consumers directly, plaintiffs are **not** in privity with L'Oréal, as plaintiffs themselves have admitted,[11] and reliance is required.

---

[11] See Dkt. No. 50 (Opposition to L'Oréal's MTD) at 9.

Moreover, the case law cited by the district court states that an inference of reliance in breach of warranty actions is appriate at the class certification stage only where material misrepresentations were made. *See* Op. at 16, citing *Wiener v. Dannon Co*., 255 F.R.D. 658, 669 (C.D. Cal. 2009) (engaging in inquiry at class certification stage as to whether record supported materiality of challenged claims, allowing for inference of reliance, and allowing defendants to introduce evidence at class certification stage to rebut inference of reliance).

The district court erred in declining to analyze whether an inference of reliance was appropriate in this case, and did not consider the relevance of Dr. Seggev's survey and the other record evidence on materiality to an inference of reliance. Had the court considered the materiality evidence on the record, it could only have determined that there was neither a showing of materiality nor any basis for a presumption of materiality. Without such a showing, any inference of class-wide reliance was rebutted.

## CONCLUSION

For the reasons above, L'Oréal respectfully requests that this Court grant Rule 23(f) review of the district court's class certification decision.

Dated:        New York, New York
              August 29, 2018

                         Respectfully submitted,

                         */s/ Frederick B. Warder III*

                         Frederick B. Warder
                         Maren J. Messing
                         PATTERSON BELKNAP WEBB & TYLER LLP
                         1133 Avenue of the Americas
                         New York, New York 10036
                         (212) 336-2000

19

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Federal Rule of Appellate Procedure 5(c)(1) because, according to the word count function of Microsoft Word, the document contains <u>4,062</u> words excluding the parts of the Petition exempted by Federal Rules of Appellate Procedure Rule 5(b)(1)(E) and 32(f).

This document also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: August 29, 2018

*/s/ Frederick B. Warder III*
Frederick B. Warder III

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2018, I caused one copy of the foregoing Petition of Defendants L'Oréal USA and Matrix Essentials LLC, with its exhibits, to be served on all counsel to have appeared in this case via CM/ECF:


Dated: August 29, 2018           */s/ Frederick B. Warder III*
                                 Frederick B. Warder III
                                 Patterson Belknap Webb & Tyler LLP
                                 1133 Avenue of the Americas
                                 New York, NY 10036-6710
                                 Tel:  (212) 336-2000
                                 fbwarder@pbwt.com

                                 *Attorneys for Defendants L'Oréal USA, Inc. and Matrix Essentials LLC*