**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| BRANDI PRICE and CHRISTINE CHADWICK, on behalf of themselves and all others similarly situated, | ) ) ) | CASE NO. 1:17-cv-00614-LGS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| L'ORÉAL USA, INC. and MATRIX ESSENTIALS LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
APPROVE PLAN OF DISTRIBUTION OF CLASS NOTICE[1]**

---

[1] On August 24, 2018, Class Counsel emailed to defense counsel a detailed notice plan proposal and estimate prepared by claims administrator, Angeion Group. Defense counsel did not respond. Subsequently, on the afternoon of September 4, 2018, Class Counsel emailed to defense counsel drafts of the Notice of Motion to Approve Plan of Distribution of Class Notice, Memorandum of Law in Support, and the declaration of Angeion Group in support of the same, which simply provide further details regarding the notice plan circulated 11 days earlier. On September 5, 2018, defense counsel informed Class Counsel that they require 14 additional days to review and respond to Plaintiffs' submissions. In an abundance of caution, Class Counsel is submitting the aforementioned documents by today's deadline. However, at the time of this filing, Defendants have not taken a position on the proposed notice plan.

## TABLE OF CONTENTS

Page

I.   INTRODUCTION …………………………………………………………….5

II.  PLAINTIFFS' PROPOSED NOTICE PLAN…………………………………….5

III. PLAINTIFFS' PROPOSED CLASS NOTICE SATISFIES THE
     REQUIREMENTS OF FED. R. CIV. P. 23……………………………….…6

     A. The Applicable Standards …………………………………………...6

     B. Plaintiffs' Proposed Class Notice Complies with Fed. R. Civ. P. 23(c)................8

IV.  PLAINTIFFS' PROPOSED CLASS NOTICE SATISFIES DUE PROCESS AS
     IT CONSTITUTES "THE BEST NOTICE PRACTICABLE" UNDER THE
     CIRCUMSTANCES……………………………………………………….…9

V.   CONCLUSION ………………………………………………………….......14

## TABLE OF AUTHORITIES

Cases................................................................................................................Page(s)

*Charron v. Pinnacle Grp. N.Y. LLC*,
   269 F.R.D. 221 (S.D.N.Y. Apr. 27, 2010)............................................................. 4, 8

*Chime v. Peak Sec. Plus, Inc.*,
   137 F. Supp. 3d 183 (E.D.N.Y. 2015) ................................................................. 4, 9

*Denney v. Jenkens & Gilchrist*,
   230 F.R.D. 317 (S.D.N.Y. 2005)........................................................................ 4, 14

*In re Agent Orange Product Liability Litigation*,
   818 F.2d 145 (2d Cir.1987) ................................................................................. 4, 13

*In re Holocaust Victim Assets Litig.*,
   105 F. Supp. 2d 139 (E.D.N.Y.2000) .................................................................. 4, 13

*In re Nissan Motor Corp. Antitrust Litig.*,
  552 F.2d 1088 (5th Cir. 1977) ........................................................................... 4, 8

*In re PaineWebber Ltd. P'ship Litig.*, No. 94-cv-8547 (SHS), 1996 WL 51189 ....................... 4, 8

*In re W. Union Money Transfer Litig.*,
  No. 01-cv-0335 (CPS), 2004 WL 3709932 (E.D.N.Y. Oct. 19, 2004) ............................... 4, 13

*Jermyn v. Best Buy Stores, L.P.*,
  No. 08-cv-00214 (CM), 2010 WL 5187746 (S.D.N.Y. Dec. 6, 2010) ........................... 4, 8, 12

*Karvaly v. eBay, Inc.*,
  245 F.R.D. 71 (E.D.N.Y. Sept. 6, 2007) .............................................................. 4, 8

*Martin v. Weiner*,
  No. 06-cv-94, 2007 WL 4232791 (W.D.N.Y. Nov. 28, 2007) ............................................ 4

*Masters v. Wilhelmina Model Agency, Inc.*,
  473 F.3d 423 (2d Cir. 2007) ............................................................................ 4, 8

*Mexican Workers v. Arizona Citrus Growers*,
  904 F.2d 1301, 1305 n.2 (9th Cir. 1990) ............................................................. 5, 13

*Mirfasihi v. Fleet Mortg. Corp.*,
  356 F.3d 781 (7th Cir. 2004) ........................................................................... 5, 13

*Mullane v. Cent. Hanover Bank & Trust Co.*,
  339 U.S. 306 (1950) .................................................................................... 5, 11

*Weinberger v. Kendrick*,
  698 F.2d 61 (2d Cir. 1982) ............................................................................. 5, 8

**RULES**

Fed. R. Civ. P. 23(c)(2) .................................................................................. 5, 8
Fed. R. Civ. P. 23(c)(2)(B) ........................................................................... 5, 7, 8
Fed. R. Civ. P. 23(c)(3) .................................................................................. 5, 8
Federal Rule 23(c) ........................................................................................ 10

**OTHER AUTHORITIES**

Manual Complex Litigation § 21.311 at 288 (4th ed. 2004) ........................... 12, 13, 14

## I.   INTRODUCTION

This Court entered an Opinion and Order on August 15, 2018, granting in part and denying in part, Plaintiffs' Motion for Class Certification (Doc. 159) ("**Order**"). The Court certified two classes—a New York Class defined as "All persons who reside in the state of New York and purchased Matrix Biolage Advanced Keratindose Pro-Keratin + Silk Shampoo, Pro-Keratin + Silk Conditioner, and/or Pro-Keratin + Silk Renewal Spray between January 26, 2013 and the present" and a California Class defined as "All persons who reside in the state of California and purchased Matrix Biolage Advanced Keratindose Pro-Keratin + Silk Shampoo, Pro-Keratin + Silk Conditioner, and/or Pro-Keratin + Silk Renewal Spray between January 26, 2013 and the present."  Order at 22-23.  Plaintiffs hereby submit a plan of distribution of the Class Notice for the Court's consideration.  As demonstrated below, the proposed notice and notice distribution plan constitute the best notice practicable under the circumstances and otherwise satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B), providing the requisite due process to the Classes.  Plaintiffs respectfully request that the Court approve Plaintiffs' plan of distribution of Class Notice and proposed Class Notice (collectively, the "**Notice Plan**").

## II.   PLAINTIFFS' PROPOSED NOTICE PLAN

Plaintiffs propose providing class notice in a comprehensive, multifaceted approach. First, Plaintiffs propose retaining the services of a well-known and highly experienced class action administrator, Angeion Group ("**Administrator**"), which will arrange for publication of a Short Form Class Notice ("**Summary Notice**"), a copy of which is attached hereto as Exhibit A. The Summary Notice will provide Class Members with a case-specific website and a dedicated toll-free telephone number where they can obtain additional information, including a copy of a more detailed class notice ("**Long Form Notice**"), a copy of which is attached hereto as Exhibit

B.  Additionally, Plaintiffs will publish notice both online and in a popular consumer magazine using the targeted approach set forth in Part IV below.  For Class Members whose contact information is contained within Defendants' or Class Counsel's files, Plaintiffs will send a postcard via U.S. Mail and/or email.

The Administrator will maintain a case-specific website and toll-free telephone number to provide Class Members with pertinent case information.  *See* Declaration of Steven Weisbrot, Esq., attached hereto as Exhibit C.  The website will provide a wide range of information about the lawsuit including, but not limited to, the Long Form Notice, an Exclusion Request form, selected and demonstrative pleadings in the case, and important court rulings. The website will also provide contact information for Class Counsel. Finally, Plaintiffs propose online advertisements that will be geo-targeted to appear on computers, phones and tablets in California and New York, as described further below. Plaintiffs' proposed notice plan is designed to reach at least 77% of the Members of the proposed Class and should be approved as explained in further detail below.

## III.   PLAINTIFFS' PROPOSED CLASS NOTICE SATISFIES THE REQUIREMENTS OF FED. R. CIV. P. 23

### A.  The Applicable Standards

After a court certifies a class under Fed. R. Civ. P. 23(b)(3), it must direct to class members the best notice practicable under the circumstances.  Fed. R. Civ. P. 23(c)(2)(B).  Rule 23(c)(2) requires that notice be given to members of a class certified under Rule 23(b)(3) because the judgment in a class action maintained under Rule 23(b)(3) binds all members of the class unless they expressly opt out.  *See Charron v. Pinnacle Grp. N.Y. LLC*, 269 F.R.D. 221, 244 (S.D.N.Y. Apr. 27, 2010); *Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 90 (E.D.N.Y. Sept. 6, 2007).  The Second Circuit has held that there are no rigid standards that govern the contents of

notice to class members; the notice need only fairly apprise class members of the subject matter of the suit and the options that are open to them in connection with the proceedings.  *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982).  Notice is adequate if it may be understood by the average class member.  *Masters v. Wilhelmina Model Agency, Inc*., 473 F.3d 423, 438 (2d Cir. 2007).

The notice must concisely state in plain, easy-to-understand language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Fed. R. Civ. P. 23(c)(3).  Fed. R. Civ. P. 23(c)(2)(B); *Jermyn v. Best Buy Stores, L.P.*, No. 08-cv-00214 (CM), 2010 WL 5187746, at *3 (S.D.N.Y. Dec. 6, 2010).  A class notice must only have "information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt-out or remain a member of the class." *In re PaineWebber Ltd. P'ship Litig.*, No. 94-cv-8547 (SHS), 1996 WL 51189, at *1 (S.D.N.Y. Feb. 7, 1996) (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977)).

Further, the Advisory Committee Notes to Rule 23(c) recognize that "[t]he Federal Judicial Center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms."  Fed. R. Civ. P. 23(c) advisory committee's note (2003). Thus, the Court can look to the Federal Judicial Center ("**FJC**") template as a starting point, but it need not adopt the template in full.  *See Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 212 (E.D.N.Y. 2015).

**B.  Plaintiffs' Proposed Class Notice Complies with Fed. R. Civ. P. 23(c)**

The "Summary Notice" and the "Long Form Notice," independently and combined, comply with Fed. R. Civ. P. 23(c)(2)(B).  The Summary Notice is concise and written in plain, easy-to-understand language.  It provides a concise description of the defined Classes, along with a basic description of the nature of the action and class claims.  *See* Exhibit A.  The Summary Notice informs each Class Member that he or she may enter an appearance through counsel if the Member so desires, the binding effect of a class judgment on Class Members, and that the Court will exclude from the Classes any Members who request exclusion.  The Notice also provides a toll-free telephone number and a website address through which Class Members can contact the claims administrator via interactive voice recognition ("**IVR**"), obtain contact information for Class Counsel, and obtain a copy of the Long Form Notice or the Exclusion Request Form among other documents.  The Long Form Notice also complies with Fed. R. Civ. P. 23(b)(3) and is based upon the question and answer format suggested by the Federal Judicial Center.  *See* Exhibit B.  The Long Form Notice uses easy-to-understand language to provide additional information about the lawsuit.  The first substantive page of the Notice provides a basic description of the nature of the action.  This information is further explained in the Answers to Questions 1-10, which describe the posture of the action; the class claims; the issues, allegations, Defendants' response; and the relief sought in the action.  The Answers to Questions 11-13 provide a description of the defined Classes and help explain how to determine if a person is a Class Member.  The Answer to Questions 14 provides an explanation of the rights of Class Members should they elect to remain Class Members in the action and informs each Class Member about the binding effect of a class judgment on him or her.  The Answer to Question 18 explains that each Class Member may enter an appearance through his or her own counsel if he

or she so desires.  The Answers to Questions 15-16 explain that the Court will exclude from the Classes any Members who request exclusion and the time and manner for requesting exclusion. If additional information is desired, the Answer to Question 23 informs Class Members that more information is available by visiting the dedicated website or contacting Class Counsel whose phone numbers and addresses are provided.

In addition, to comply with the text of Federal Rule 23, Plaintiffs' proposed forms are based upon the recommendations and examples provided by the FJC regarding the requirement that class action notices be written concisely in plain, easily understood language and provide specific information about the nature and terms of a class action and how it might affect potential class members' rights.  Fed. R. Civ. P. 23(c) advisory committee's note (2003).  First, the Long Form Notice follows the guidelines of the FJC for crafting a notice as set forth on the FJC website (*see* www.fjc.gov and then to "Class Action Notices Page" in the left column).  Second, both the Long Form Notice and the Summary Notice utilize the type of plain language and the easy-to-understand "Question and Answer" format that are recommended and utilized by the FJC in its sample class notices.  *See* FJC Sample Class Notice Forms posted as links on http://www.fjc.gov/.  Accordingly, Plaintiffs respectfully submit that the proposed Class Notice fully complies with Federal Rule 23(c).

## IV.    PLAINTIFFS' PROPOSED CLASS NOTICE SATISFIES DUE PROCESS AS IT CONSTITUTES "THE BEST NOTICE PRACTICABLE" UNDER THE CIRCUMSTANCES

For due process purposes, class notice must be reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to opt-out.  *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  Here, Plaintiffs propose that class notice be disseminated according to the plan described herein, which provides for:

• Publication of the Summary Notice: in the New York and California editions of *People* magazine;

• Targeted online publication: Prominent Internet banner advertisements will be displayed on a variety of websites, targeted to likely Class Members, which together represent thousands of digital properties across all major content categories. Banner notices will appear on desktop computers, as well as mobile devices such as phones and tablets, and will be geo-targeted to the states of California and New York. Multiple targeting layers will be implemented to help ensure delivery to the most appropriate users, i.e., Class Members, including the use of search targeting, category contextual targeting, keyword contextual targeting, and site retargeting. The banner ads will run on desktop and mobile devices to reach the potential Class Members on the websites where they surf, shop and play. Search terms relevant to the Matrix brand will be used. Moreover, targeting users who are currently browsing or have recently browsed content in categories such as Keratin shampoo and conditioner and similar product categories will help qualify impressions to ensure messaging is delivered to the most relevant audience. Finally, the Administrator will utilize multiple accredited third-party services to objectively verify its targeting, placements and delivery of banner ads to ensure quality and appropriate placements. Specifically, to combat against the possibility of non-human viewership of digital advertisements, and to verify effective Internet placements, Angeion utilizes Integral Ad Science (IAS), the leading commercially-available ad verification company. IAS has received the Media Rating Council (MRC) accreditation for Sophisticated Invalid Traffic (SIVT) detection for desktop and mobile web traffic, which adds a critical level of security to the notice program. Angeion also utilizes comScore, the leading measurement and data analytics company, to plan for unique placements across platforms. Using comScore gives Angeion access to an

enormous unduplicated view of total audience behavior across desktops, smartphones and tablets to give a deeper look at audience size, demographic composition, engagement, and behavioral trends. ComScore works with more than 3,200 clients across the globe in nearly every industry, including media, automotive, consumer packaged goods, financial services, pharmaceuticals and retail and is considered the "gold standard" among digital advertising professionals.

- In addition to the internet banner notice campaign described above, the notice program utilizes traditional print media. To identify the best print vehicle for delivering the message to the Target Audience, MRI syndicated data was used to analyze and filter publications to determine the title with the highest reach against our Target Audience. *People* was chosen as the best title for this notice program due to its strong reach towards the Target Audience. Therefore, the summary notice will be distributed as a ½ page black and white advertisement in the California and New York editions.

- The creation of a case-specific website used to post the class notices, process opt-outs, and provide Class Members with updates, information, and key filings in the case.

This multifaceted plan is designed to maximize the efficacy of notice and complies with the Federal Rules and due process. *See, e.g.*, *Jermyn*, 2010 WL 5187746, at *4-5 (approving notice distribution plan consisting of case website, state-wide newspaper publication, and publication on defendants' website); *In re W. Union Money Transfer Litig.*, No. 01-cv-0335 (CPS), 2004 WL 3709932, at *5 (E.D.N.Y. Oct. 19, 2004) (approving notice plan comprised of direct mail where possible, publication in newspapers and magazines, press release, and establishment of settlement website and toll-free telephone hotline); *In re Holocaust Victim Assets Litig.*, 105 F. Supp. 2d 139, 144 (E.D.N.Y.2000) (approving multi-faceted notice plan

involving direct mail, worldwide publication, public relations, and Internet and grass roots community outreach in light of inability to send notice exclusively by direct mail).

Because Class Members may not be reasonably identified from Defendants' records, Plaintiffs propose Class Notice by publication in a leading consumer magazine that publishes in California and New York, and dissemination via online advertising.  Indeed, notice by similar publication has been approved as the best notice practicable for unidentifiable class members. *See, e.g.*, *Jermyn*, 2010 WL 5187746, at *4-5 (approving notice distribution plan consisting of case website, state-wide newspaper publication, and publication on defendants' website where class member records were unattainable); *see also Mirfasihi v. Fleet Mortg. Corp.*, 356 F.3d 781, 786 (7th Cir. 2004) (finding that when individual notice is infeasible, notice by widespread publication is an acceptable substitute); *In re Agent Orange Product Liability Litigation*, 818 F.2d 145, 167-69 (2d Cir.1987) (same).  As the Manual for Complex Litigation explains, "[p]ublication in magazines, newspapers, or trade journals may be necessary if individual class members are not identifiable after reasonable effort or as a supplement to other notice efforts." Manual for Complex Litigation § 21.311 at 288 (4th ed. 2004).  Courts have found that outlets for the publication of notice should be chosen carefully for the class in question, including publication in media that the class is likely to encounter. *See, e.g.*, *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1305 n.2 (9th Cir. 1990) (in class that included 1,349 undocumented migrant workers, court directed notice, in part, by publication of announcements in relevant U.S. and Mexican newspapers).  However, "[i]t is not necessary that every class member receive actual notice, so long as class counsel acted reasonably in selecting means likely to inform persons affected." *Denney v. Jenkens & Gilchrist*, 230 F.R.D. 317, 343-44 (S.D.N.Y. 2005).  Here, Plaintiffs propose publication in widely read and geographically-diverse California

11

and New York editions of an extremely popular magazine, and internet publication for 30 days. Accordingly, the Notice Plan is specifically tailored to reach as many Class Members as practicable under the circumstances.  Finally, Plaintiffs propose establishing a website that can be used to post the class notices, process opt-outs, and provide class members with updates and information. The Manual for Complex Litigation confirms that using a dedicated website to provide supplemental information is an effective notice technique: posting notices on dedicated Internet sites, likely to be visited by Class Members and linked to more detailed certification information, is a useful supplement to individual notice, might be provided at a relatively low cost, and will become increasingly useful as the percentage of the population that regularly relies on the Internet for information increases.  An advantage of Internet notice is that follow-up information can easily be added, and lists can be created to notify Class Members of changes that may occur during the litigation. Similarly, referring Class Members to an Internet site for further information can provide complete access to a wide range of information about a class settlement. Many courts include the Internet as a component of class certification and class settlement notice programs.  Manual Complex Litigation § 21.311 at 288 (4th ed. 2004).  Accordingly, for the reasons stated above, Plaintiffs submit that the proposed Notice Plan is designed and appropriately tailored to reach Class Members effectively, and constitutes the best practicable notice under the circumstances.

## V.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court approve Plaintiffs' Notice Plan and order that the proposed Class Notice be disseminated to Class Members consistent with the plan and forms as outlined above.

Dated: September 5, 2018             Respectfully submitted,

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**

*/s/ Jonathan B. Cohen*
Jonathan B. Cohen (*pro hac vice*)
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
jcohen@forthepeople.com

**GREG COLEMAN LAW**
Greg Coleman (*pro hac vice*)
Rachel Soffin (*pro hac vice*)
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Telephone: (865) 247-0080
greg@gregcolemanlaw.com
rachel@gregcolemanlaw.com

**BARBAT, MANSOUR & SUCIU PLLC**
Nick Suciu III (*pro hac vice*)
1644 Bracken Rd.
Bloomfield Hills, Michigan 48302
Telephone: (313) 303-3472
nicksuciu@bmslawyers.com

**SOMMERS SCHWARTZ P.C.**
Jason Thompson (*pro hac vice*)
Rod Johnston (*pro hac vice*)
One Towne Square, 17th Floor
Southfield, Michigan 48076
Telephone: (248) 355-0300
jthompson@sommerspc.com
rjohnston@sommerspc.com

**JTB LAW GROUP, LLC**
Jason T. Brown (JB6579)
Patrick S. Almonrode (PA0428)
155 2nd Street, Suite 4
Jersey City, New Jersey 07302
Telephone: (877) 561-0000
jtb@jtblawgroup.com
patalmonrode@jtblawgroup.com

*Class Counsel*

13

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 5, 2018, I submitted the foregoing to the United States District Court for the Southern District of New York via electronic mail and copied all counsel of record in the case.

*/s/ Jonathan B. Cohen*
Jonathan B. Cohen
