USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/29/2019



**VIA ECF FILING**

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

October 28, 2019

Application GRANTED. The parties shall jointly file a letter apprising the Court of the scheduled deposition date of Plaintiff's expert, and proposing a briefing schedule for summary judgment, by November 1, 2019.

The summaries of the Court's statements, contained herein in sub-sections to paragraph 15, are correct.

Dated: October 29, 2019
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: *Price v. L'Oréal USA, Inc.*, No. 17-cv-00614 (LGS)

Dear Judge Schofield:

Pursuant to the Court's August 19, 2019 Amended Case Management Plan and Scheduling Order, Dkt. No. 215, Section (p); Section IV(A)(2) of Your Honor's Individual Rules and Procedures for Civil Cases; and Your Honor's Order of October 24, 2019, Dkt. No. 236, Plaintiffs Brandi Price and Christine Chadwick and Defendants L'Oréal USA, Inc. and Matrix Essentials LLC (collectively, the "Parties") jointly state as follows:

1. On August 15, 2018, the Court granted in part and denied in part Plaintiffs' motion for class certification. On August 30, 2018, pursuant to Federal Rule of Civil Procedure 23(f), Defendants filed a petition for permission to appeal the Court's order on class certification. On December 17, 2018, the Second Circuit added Defendants' Rule 23(f) petition as a submitted case to the substantive motions calendar for January 8, 2019.

2. On January 16, 2019, the Second Circuit denied Defendants' Rule 23(f) petition.

3. Pursuant to the Court's Case Management Plan, Dkt. No. 38, the Court bifurcated discovery in this matter into two phases. Phase I, which concluded on February 8, 2018, concerned discovery relevant to class certification issues. Plaintiffs produced approximately 5 documents during Phase I discovery. Defendants produced approximately 180 documents during Phase I discovery.

4. Pursuant to the Court's February 28, 2018 Order, Dkt. No. 113, on March 23, 2018, the Parties each served Phase II discovery requests, including requests for production and interrogatories.

5. On April 12, 2018, Defendants provided written responses and objections to Plaintiffs' discovery requests. Following a brief extension granted by Defendants, on April 27, 2018, Plaintiffs provided written responses and objections to Defendants' discovery requests.

6. On May 4, 2018, Plaintiffs served Defendants with amended responses to Defendants' Phase I requests for production and interrogatories. On July 31, 2018, Defendants served Plaintiffs with amended responses to Plaintiffs' Phase I requests for production and interrogatories.

7. On June 14, 2018, pursuant to the Court's April 25, 2018 Order, Dkt. No. 127, Plaintiffs took the deposition of Defendants' 30(b)(6) representative regarding the Products' formulation/ingredients, efficacy, and clinical trials.

8. Plaintiffs produced no documents during Phase II. Defendants produced approximately 338 documents during Phase II, on a rolling basis, with the final production made on August 20, 2018.

9. On September 7, 2018, Plaintiffs took the deposition of Defendants' 30(b)(6) representative regarding Defendants' intent in developing the Products; Defendants' development of the names of the Products; Defendants' intent in using the name Keratindose for the Products; Defendants' assessment of any possible risk in using the name Keratindose for the Products; Defendants' consideration of alternative names for the Products and the reasoning for the same; Defendants' intent in including the Pro-Keratin + Silk reference on the Products' labels; the involvement of Direct Marketing International, Defendants' Research & Innovation Division, Claims Department, and Scientific Team in developing the names of the Products; Defendants' consideration of whether to include keratin as an ingredient in the Products; and the identities of individuals, departments or entities principally involved in and/or responsible for the development of the names of the Products, the decision to use the name Keratindose for the Products, and determining the intent in developing the Products.

10. On October 4, 2018, the Parties filed a joint proposed class notice and notice distribution plan, Dkt. No. 181, which the Court approved on October 15, 2018, Dkt. No. 186. The Parties, in conjunction with the Class Administrator, have worked to implement the approved notice and notice distribution plan, including publication of the approved notice in the Los Angeles Times and New York Times on November 4, 2018. The notice period ended on December 14, 2018.

11. The Parties submitted letters regarding anticipated summary judgment, decertification, and motions to exclude expert testimony on September 17, 2019 (*see* Dkt. Nos. 222, 223), and submitted responsive letters on September 25, 2019 (*see* Dkt. Nos. 225, 226).

12. On October 9, 2019, in response to letters from the Parties, the Court clarified that "the class period closed on November 4, 2018." The Court also instructed that "All future definitions of the class shall refer to that date." *See* Dkt. No. 234.

13. A pre-motion conference was held on October 24, 2019. At that conference, the court informed the parties that it would entertain summary judgment motions, along with any related motions to exclude expert testimony which either party may elect to submit at that time, in a series of 4 briefs. The court informed the parties that Defendants' motion for decertification should not submitted until the court has ruled on the summary judgment motions.

14.     Also at the October 24 conference, Plaintiffs sought leave from the Court to serve a supplemental report of up to five pages from their expert Dr. Dubé regarding class damages. The Court directed the Parties to file a joint letter "providing (1) the proposed deadline for production of Plaintiffs' expert's supplemental report, not to exceed five pages; (2) the proposed date by which Defendants will depose Plaintiffs' expert … and (3) the proposed deadline for Defendants to file their motion for summary judgment." Dkt. No. 236.[1]  Accordingly, the Parties state as follows:

Plaintiffs have notified Defendants that Dr. Dubé will serve his supplemental report no later than **November 15, 2019**.

Plaintiffs state that Dr. Dube is currently out of the country with limited internet access, but is returning this Thursday, October 31, 2019, at which time he will provide dates for his supplemental deposition.[2]  <u>Plaintiffs thus respectfully request a brief extension until Friday, November 1, 2019, to set his deposition date and propose a summary judgment briefing schedule to the Court</u>.

15.     The Parties wish to confirm the following shared understandings based on the Court's statements at the October 24, 2019 conference, but <u>request clarification in the event these understandings are incorrect</u>:

A.  Dr. Dube's supplemental report shall be limited to five pages, which limit <u>shall include</u> any exhibits or appendices but does not include disclosure of materials considered pursuant to Fed. R. Civ. P. 26(a)(2). It is the parties' understanding that, following the service of Dr. Dube's supplemental report on November 15, 2019, neither Dr. Dube nor any other expert on Plaintiffs' behalf will thereafter be permitted to serve or file any additional reports, declarations, or other disclosures.

The parties further understand that L'Oréal will be permitted to submit expert rebuttal report(s), to respond to Dr. Dubé's November 15 supplemental report. L'Oréal's response to Dr. Dubé's supplemental submission will be served at the time of its summary judgment motion (assuming that Defendants have had the opportunity, before that date, to take Dr. Dubé's deposition). L'Oreal's experts will not thereafter be permitted to serve or file any additional reports, declarations, or other disclosures. The Parties have agreed that L'Oréal's responsive expert report(s) will total no more than 10 pages, including any exhibits or appendices but not including disclosure of materials considered pursuant to Fed. R. Civ. P. 26(a)(2).

---

[1] The Court also instructed that the costs of Dr. Dubé's anticipated deposition, if any, "will be assumed by Plaintiffs, including Defendants' counsel's time spent taking the deposition (the single lawyer actually taking the deposition) and any associated expenses (e.g., court reporter), and excluding Defendants' counsel's time spent preparing for the deposition and any rebuttal costs." Dkt. No. 236.  Defendants have agreed to take Dr. Dube's deposition in Chicago, if necessary, and Plaintiffs' counsel have agreed to cover reasonable costs associated with this travel.

[2] The Parties have agreed to limit Dr. Dube's deposition to 3.5 hours on the record.

    B. Regarding motions to limit or exclude expert testimony, it is the parties' understanding that to the extent either party wishes to move to limit or exclude expert testimony in connection with its arguments for or against summary judgment, such party may move to limit or exclude expert testimony (on *Daubert* or other grounds) simultaneously with its summary judgment motion or opposition. Arguments in favor of or against exclusion shall be included in the summary judgment briefs, which will be limited to a total of 50 pages for each side. Moving to limit or exclude expert testimony, or electing not to so move, in connection with summary judgment briefing shall not operate as a waiver or preclusion of either party's ability to move to limit or exclude testimony from the same expert or other experts later in the case, either in connection with the decertification motion or *in limine*.

16. No motions are currently pending before the Court.

                                   Respectfully submitted,

                                   */s/ Rachel Soffin*____
                                   Rachel Soffin

                                   *Class Counsel*

11480855v.1