UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
 :
BRANDI PRICE, et al.,                                   :
                            Plaintiffs,    :    17 Civ. 614 (LGS)
 :
          -against-                                  :    ORDER
 :
L'OREAL USA, INC., et al.,                              :
                           Defendants.    :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, pursuant to the Court's October 23, 2020, Order (Dkt. No. 290), the parties e-mailed their papers in connection with Defendants' motion for decertification and any related motions to exclude expert testimony (the "Motions") to Chambers.

      WHEREAS, on January 29, 2021, Defendants filed a motion to redact and file under seal unredacted versions of Defendants' Memorandum of Law in Support of Defendants' Motion to Decertify the Classes and to Exclude the Expert Testimony of Jean-Pierre Dubé; Exhibit 2 to the Declaration of Frederick B. Warder III; Exhibit 13 to the Declaration of Joshua Kipnees; and Exhibit E of the Declaration of Rachel Soffin filed in connection with the Motions, which contain materials designated "Confidential" pursuant to the Joint Confidentiality Stipulation and Protective Order at Docket No. 73.  Dkt. No. 295.  It is hereby

      **ORDERED** that, Defendants' motion to seal is **GRANTED**.  The parties shall publicly file redacted versions and file under seal unredacted versions of Defendants' Memorandum of Law in Support of Defendants' Motion to Decertify the Classes and to Exclude the Expert Testimony of Jean-Pierre Dubé; Exhibit 2 to the Declaration of Frederick B. Warder III; Exhibit 13 to the Declaration of Joshua Kipnees; and Exhibit E of the Declaration of Rachel Soffin.  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the

presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Filing the above-referenced document in redacted form is necessary to prevent the unauthorized dissemination of confidential business information.

    The Clerk of Court is respectfully directed to close the motion at Docket No. 295.

Dated: February 3, 2021
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**