

Jonathan B. Cohen
800 S. Gay St., Suite 1100
Knoxville, TN 37929
jcohen@milberg.com

October 15, 2021

**VIA ECF FILING**

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     *Price v. L'Oréal USA, Inc.*, No. 17-cv-00614 (LGS)

Dear Judge Schofield:

We write jointly on behalf of the Parties pursuant to the Court's October 8, 2021 Order requesting the filing of a joint status letter proposing next steps (the "Order"). (Dkt. No. 318).

**Plaintiffs' Position**

Plaintiffs propose that the next step in this action should be the Court's determination of Plaintiffs' Motion for Reconsideration or, in the Alternative, Motion for Clarification (the "Motion"), which Plaintiffs filed on October 13, 2021. (Dkt. No. 320). Without restating the arguments raised in their Motion, Plaintiffs contend that the Court incorrectly determined that their expert, Dr. Dubé, did not indicate his intent to include and test the "+ Silk" term when the Court originally certified the New York and California Classes, and request that Plaintiffs be permitted to revise and re-field Dr. Dubé's conjoint survey in order to isolate and test the distinct impact of the terms "Keratindose" and "Pro-Keratin" without the "+ Silk" term. Within their Motion, Plaintiffs also request that the Court clarify that its decertification of the New York and California Classes is *without prejudice*, so that Plaintiffs may file a renewed motion for class certification that addresses the concerns raised in the Court's Order. In the alternative, Plaintiffs' request clarification whether the Court's Order denies the necessity of a claims process and, instead, requires Plaintiffs to present a model that can be used to calculate an aggregate damages amount. Plaintiffs also alternatively request in their Motion that discovery be reopened so that they may seek the necessary data from third parties to support an aggregate damages model, if so required by the Court.

In the event that the Court grants Plaintiffs' pending Motion, Plaintiffs propose that the Parties jointly submit a proposed schedule regarding the deadlines for each event since the last schedule entered in this action – the Sixth Amended Case Management Plan – was entered on August 19, 2019 and is now moot, as all

Affiliates/Locations | California | Georgia | Kentucky | Mississippi | New Jersey | New York | North Carolina |
Puerto Rico | South Carolina | Tennessee | Washington |
Netherlands | Portugal | United Kingdom
**www.milberg.com**

13075372v.1

included deadlines have passed.  (Dkt. No. 215).  It is Plaintiffs' position that their pending Motion for Reconsideration should be fully briefed, argued as needed, and ruled on by the Court before any further next steps are contemplated or proposed.

**Defendants' Position**

Now that decertification has been granted—leaving only the two named plaintiffs' individual claims for damages—this long-running case is primed for its conclusion.  Plaintiffs' Motion offers no basis for delaying its resolution further.  As Defendants will show in their forthcoming opposition to the Motion, Plaintiffs' arguments have all previously been raised and rejected, and fail to meet the exacting standard for reconsideration.

Likewise, there is no justification for re-opening discovery so that Plaintiffs may field a new conjoint survey and take additional discovery regarding retail sales.  This litigation began in January 2017, and Plaintiffs took extensive fact and expert discovery over the course of more than two years.  *See* Dkt. Nos. 80, 208.  Discovery closed in September 2019—over two years ago—and the parties' summary judgment motions have already been briefed and resolved.  Dkt. No. 282.  It would be inappropriate and highly prejudicial to Defendants if discovery were re-opened now, almost five years after this action was commenced.  *See Sea Trade Mar. Corp. v. Coutsodontis*, 2020 U.S. Dist. LEXIS 92725, at *13-14 (S.D.N.Y. May 27, 2020) (Schofield, J.) (denying motion to re-open discovery "after the close of discovery and dispositive briefing" because requesting party "had ample time to obtain discovery"); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 2007 U.S. Dist. LEXIS 97633, at *10 (S.D.N.Y. Jan. 3, 2007) (denying motion to re-open discovery following denial of class certification because it is "manifestly unfair to require defendants to expend significant funds engaging in further discovery which plaintiff could have sought at any time throughout the discovery period").

Instead, if Plaintiffs are intent to continue litigating their individual claims, Defendants propose that the parties should be ordered to meet and confer and file, within seven (7) calendar days of deciding Plaintiffs' Motion, a proposed case management schedule covering the next phase of the case.

Respectfully submitted,

*/s/ Jonathan B. Cohen*

Jonathan B. Cohen
*Counsel for Plaintiffs and
Putative Class Members*