UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
BRANDI PRICE AND CHRISTINE :
CHADWICK, individually and on behalf of all :
others similarly situated, : 17 Civ. 614 (LGS)
: 
                                Plaintiffs, :
         -against- : **ORDER**
:
L'ORÉAL USA, INC. AND MATRIX :
ESSENTIALS LLC, :
                               Defendants :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on September 29, 2021, the Court issued an Opinion and Order granting Defendants' motion to decertify the classes (the "Opinion").

      WHEREAS, on October 13, 2021, Plaintiffs timely filed a Motion for Reconsideration, or in the Alternative, Motion for Clarification (the "Motion"). Plaintiffs assert that "the Court overlooked key pieces of evidence that, in fact, *support* the Court's earlier certification of the Classes, and which may alter the Court's Order granting decertification." Alternatively, Plaintiffs request "that the Court clarify that its Order is without prejudice and permit Plaintiffs to field a corrected conjoint survey."

      WHEREAS, on October 27, 2021, Defendants filed a Memorandum of Law in opposition to the Motion (the "Opposition").

      WHEREAS, a motion for reconsideration should be granted "only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citation omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." *Id.* (internal citation omitted). A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).

WHEREAS, the Motion does not identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho*, 991 F.3d at 170. The material facts and law raised in the Motion were before the Court in connection with Defendants' motion to decertify the classes, which was granted because "Plaintiffs ha[d] not provided a means of calculating class-wide damages consistent with Plaintiffs' alleged injury -- that they paid a price premium because of the Challenged Claims" as required under *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013). In reaching this conclusion, the Opinion held that (1) Dr. Dubé's conjoint survey did not isolate the alleged damages stemming from Defendants' alleged misrepresentations and (2) even if the conjoint survey was proper, the absence of evidence on quantity and average price of New York and California retail sales rendered Dr. Dubé's formula for calculating class-wide damages unreliable.

In the Motion, Plaintiffs claim that the Court "overlooked key evidence" in making such conclusions. Plaintiffs' argument primarily rests on the notion that Defendants waited too long to challenge Dr. Dubé's inclusion of "+ Silk" in his conjoint survey. But Plaintiffs raised an identical argument in opposing Defendant's motion to decertify the classes, which the Opinion

considered and rejected. Reconsideration is therefore inappropriate on this ground. *See Analytical Survs., Inc.*, 684 F.3d 36 at 52.

Even if Plaintiffs could overcome challenges to Dr. Dubé's conjoint survey, the Motion would still fail because Plaintiffs have not adduced evidence establishing the quantity or average prices of New York and California retail sales during the class period. Plaintiffs argue that they should instead be permitted to "establish a post-verdict claims process." But this request ignores Plaintiffs' burden under Rule 23 of producing a reliable method for measuring class-wide damages. *See In re Amla Litig.*, 328 F.R.D. 127, 136 (S.D.N.Y. 2018) (acknowledging the reliability of plaintiffs' proposal to calculate class-wide damages by "multiplying the number of New York purchases of the product by $50," but explaining that plaintiffs could not do so without evidence of the total number of retail New York purchases).

WHEREAS, alternatively, Plaintiffs seek to re-open discovery "to obtain the required data to support an aggregate damages model" and for "the opportunity to modify and re-field Dr. Dubé's conjoint survey." This request falls short of Rule 16(b)(4)'s "good cause" requirement. Plaintiffs had ample time -- over two years -- to obtain fact and expert discovery before it ended in September 2019. Shortly thereafter, Defendants filed a pre-motion letter in anticipation of a motion for summary judgment and decertification. In their letter motion, Defendants argued for decertification on the grounds that "Dr. Dubé's proposed measure of damages includes the value associated with the term '+ Silk,' even though Plaintiffs do not allege that this term is false or misleading." In response, on October 24, 2019, Plaintiffs sought leave to serve a supplemental report from Dr. Dubé regarding class damages. On October 29, 2019, the Court granted Plaintiff's motion. Following Dr. Dubé's supplemental report, Defendants deposed Dr. Dubé again and prepared and served their own supplemental expert reports in rebuttal.

3

Reopening discovery yet again would undermine the interests of finality and conservation of judicial resources – particularly where, as here, Plaintiffs were on notice of Defendants' arguments at the time expert discovery was re-opened in September 2019.  *See, e.g.*, *Lundstedt v. JP Morgan Chase Bank, N.A.*, 853 F. App'x 704, 708 (2d Cir. 2021) (summary order) (holding that the district court had not abused its discretion in denying pro se plaintiff's motion to reopen discovery for the disclosure of an expert witness because "the request came more than a year after the close of discovery, nearly two years after the deadline for such disclosures, and less than two months prior to trial"); *Falcon v. Philips Elecs. N. Am. Corp.*, 304 F. App'x 896, 898 (2d Cir. 2008) (summary order) (where the Second Circuit stated that "[a]t this late stage of the litigation [after the close of discovery and dispositive briefing], we cannot say that it was an abuse of discretion for the District Court to deny [Plaintiff's] motion to reopen discovery").  It is hereby

**ORDERED** that, for the foregoing reasons, the Motion (Dkt. No. 320) is **DENIED**.  It is further

**ORDERED** that, by December 17, 2021, the parties shall meet and confer regarding next steps and file a joint letter apprising the Court of their proposal(s).

The Clerk of Court is respectfully directed to close the motion at Docket Number 320.

Dated: December 10, 2021
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**